GEORGE J. H. CROWE, as Trustee in Bankruptcy of the
Firm of PAPPAS & KARAHALL and of NICHOLAS PAP-
PAS and PETER KARAHALL, Individually, Respondent,
*v.* THE LIQUID CARBONIC COMPANY, Appellant.

Conditional sale — statutory provision that vendor upon
retaking property must comply with the conditions prescribed
by law (Pers. Prop. Law, Cons. Laws, ch. 41, § 65) — invalidity of
agreement by vendee waiving such provision.

The plaintiff is the trustee in bankruptcy of the vendees of a
soda fountain, the agreement for the purchase of which provided
for the retention by the defendant of the title to the property until
the purchase money was paid in full, and, should default be made
in any payment, that defendant, or its agent, or attorney, might
take possession of, and remove, such property. It also contained
this clause: "In that event all money paid under this contract shall
be held to have been for the use of said property to the date
of such removal and shall be retained by you (defendant). And
we hereby agree that it shall not be necessary for you to retain said
property for a period of thirty days after retaking, or to sell the
same for our benefit; but upon such retaking our right to comply
with the terms of this contract and thereupon to receive said prop-
erty, is expressly waived." Upon the plaintiff's appointment as
trustee in bankruptcy of the vendee, the defendant leased the foun-
tain to a third party and sometime afterward sold it for an amount
less than was due under the contract of sale. This action is brought
to recover the moneys paid by the vendees under the contract.
*Held,* that such leasing was a retaking of the property and that the
defendants did not comply with the provisions of section 65 of the
Personal Property Law regulating conditional sales inasmuch as
the sale was not made within the time prescribed thereby after such
retaking. *Held,* further, that the express waiver in the contract
was not effectual because inconsistent with the public policy
manifested by the legislative act.

*Crowe* v. *Liquid Carbonic Co.,* 154 App. Div. 373, affirmed.

(Argued May 13, 1913; decided May 20, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the third judicial department,
entered January 16, 1913, upon an order reversing a

judgment in favor of defendant entered upon a decision of the court at a Trial Term and directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. B. Merchant* for appellant. The property was not retaken until June 1, 1910, after which date defendant concededly complied with the statute. (*Sigal* v. *Hatch Co.*, 61 Misc. Rep. 332.) Upon the filing of the petition the fountain was constructively, and, upon the adjudication and the taking possession of the property by the receiver and the trustee, it was actually, in the custody of the law when the alleged renting took place. (1 Remington on Bankruptcy, 1101, 1165; *Carriage Co.* v. *Solanas*, 6 Am. Bank. Rep. 221; *Matter of Renda*, 17 Am. Bank. Rep. 521; *Matter of Briskman*, 13 Am. Bank. Rep. 57; *Matter of Jersey Island Packing Co.*, 14 Am. Bank. Rep. 689; *Matter of Anderson*, 4 Am. Bank. Rep. 640; *Matter of Reynolds*, 11 Am. Bank. Rep. 758; *Matter of Mundle*, 14 Am. Bank. Rep. 680; *Crosby* v. *Spear*, 11 Am. Bank. Rep. 615.) The express waiver in the contract of the provisions of the statute on conditional sales is not void as against public policy. (*Kneettle* v. *Newcomb*, 22 N. Y. 249; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450; *Ryan* v. *City of New York*, 177 N. Y. 271; *Roach* v. *Curtis*, 191 N. Y. 387; *Adler* v. *Weis & Fisher Co.*, 66 Misc. Rep. 20; 138 App. Div. 918; *Montague* v. *Wanamaker*, 67 Misc. Rep. 650; *Davis* v. *Bliss*, 187 N. Y. 77; *Hurley* v. *Allman G. E. & M. Co.*, 144 App. Div. 300; *Dean* v. *Clark*, 80 Hun, 80; *H. F. Ins. Co.* v. *C. M.. & S. P. Ry. Co.*, 175 U. S. 91.)

*H. J. Hennessey* for respondent. The apparatus sold was the property of the defendant vendor and after default in payment the defendant's right to retake the same was absolute and could not be questioned by this

plaintiff or any one else. (*Gray* v. *Booth,* 64 App. Div. 231; *White* v. *Gray's Sons,* 96 App. Div. 154.) Plaintiff's title to the apparatus and his right of possession thereto were no better than the title and right of possession of the bankrupts. He had the same title, same right of possession and same rights in the apparatus as the bankrupts would have had had bankruptcy not intervened. (1 Loveland on Bankruptcy [4th ed.], 762, 778.) It is immaterial whether or not the apparatus at the time of the leasings to Baumann was in the custody of the law. (*Sigal* v. *Hatch Co.,* 61 Misc. Rep. 332.) Each of the four leasings of the apparatus to Baumann, to wit, in February, March, April and May, 1910, was a retaking of the apparatus within the meaning of section 65 of the Personal Property Law, and was intended and understood by the defendant to be a retaking. (*White* v. *Benjamin,* 150 N. Y. 258.) The removal of the apparatus from Baumann's store June 1, 1910, and the sale on July 26, 1910, will not avail the defendant. (L. 1909, ch. 45, § 65; *Roach* v. *Curtis,* 115 App. Div. 765.) The waiver of the provisions of the Personal Property Law is void for reasons of public policy. (*Hurley* v. *Allman G. E. & M. Co.,* 144 App. Div. 300; *Kneettle* v. *Newcomb,* 22 N. Y. 249; *Sigal* v. *Hatch Co.,* 61 Misc. Rep. 332; *Davis* v. *Bliss,* 187 N. Y. 77; *Tweedie* v. *Clark,* 114 App. Div. 296; *Hoffman* v. *White S. M. Co.,* 123 App. Div. 166; *Alexander* v. *Kellner,* 131 App. Div. 811; *Roach* v. *Curtis,* 50 Misc. Rep. 122; 115 App. Div. 765; 191 N. Y. 387; *Leonard* v. *Montague,* 140 N. Y. Supp. 562; *Plumiera* v. *Bricka,* 140 N. Y. Supp. 171.)

Gray, J. This action was brought to recover from the defendant the moneys, which it had received upon a contract for the conditional sale of a soda fountain; upon the ground that, after retaking the property, it did not comply with the provisions of the statute governing such sales. The plaintiff is the trustee in bankruptcy of the

vendees of the fountain. It was purchased in February, 1909, under a written agreement. The consideration of $1,885 was to be paid by allowing $400 for a second-hand soda fountain; by a cash payment of $225 and by giving thirty-six promissory notes for $35 each; representing future monthly installments of payment of the balance of the price. The agreement provided for the retention by the defendant of the title to the property, until the purchase money was paid in full, and, should default be made in the payment of any note, that the defendant, or its agent, or attorney, might take possession of, and remove, such property. It contained this clause: " In that event all money paid under this contract shall be held to have been for the use of said property to the date of such removal and shall be retained by you (defendant). And we hereby agree that it shall not be necessary for you to retain said property for a period of thirty days after retaking, or to sell the same for our benefit; but upon such retaking our right to comply with the terms of this contract and thereupon to receive said property, is expressly waived." In January, 1910, the vendees were adjudged bankrupts; a receiver was appointed of their estates and on February 3rd, 1910, the plaintiff was appointed trustee in bankruptcy. At that time, the first eight of the series of notes had been paid. The ninth note, falling due on February 7th, 1910, was defaulted upon. The bankruptcy schedules included the soda fountain, with a statement of its having been purchased under a contract of conditional sale. It came into the receiver's possession, with other property of the bankrupts, and, subsequently, into that of the plaintiff. At the time of the bankruptcy proceedings, one Baumann had acquired the lease of the bankrupts' premises and, under the provisions of a chattel mortgage made by the bankrupts, covering some fixtures in the building, but not the soda fountain, he took possession of the mortgaged property; continuing the business in which the bankrupts

had been engaged. Upon the plaintiff's appointment as trustee in bankruptcy, the defendant's attorneys, with its knowledge and consent, leased the soda fountain to Baumann from month to month, till June 1st, 1910, for the sum of $15 a month; when the defendant refused to make any further lease and removed it from Baumann's store. Then, retaining it for a period of thirty days,. and on July 26th, the defendant sold it at public auction for a sum less than the amount then due from the vendees under the contract of sale. ·Thereafter, this action was brought by plaintiff to recover the amount that had been paid on the contract; pursuant to section 65 of the Personal Property Law. When the case came on for trial, at a Trial Term of the court, both parties moved for the direction of a verdict; the jury was discharged and decision was reserved. · Subsequently,· a decision was rendered, finding facts as they have been stated, and holding, as conclusions of law, that the leasing by the defendant of the property was not a retaking of the same and that it was entitled to judgment against the plaintiff. Upon the plaintiff's appeal to the Appellate Division, that court, by a divided vote of its justices, reversed the judgment entered in favor of the defendant, upon the law and the facts, and ordered a final judgment for the plaintiff for $905, and interest; that sum being the amount which had been paid upon the contract. The justices of the Appellate Division appear to have divided in opinion upon two questions: *first*, whether there had been a retaking and disposition of the property by the defendant pursuant to the provisions of section 65 of the Personal Property Law, regulating contracts of conditional sales, and, *second*, whether the agreement of waiver, contained in the contract of sale, was against public policy and, therefore, ineffectual. These are the two questions of importance for our consideration.

We think that the determination made by the Appellate Division was correct and that the order appealed

from should be affirmed. There was no dispute as to any material question of fact. In reversing upon the facts and the law, the order of the Appellate Division must be regarded as holding, simply, that the plaintiff, and not the defendant, was entitled to recover upon the facts found and, concededly, undisputed. No other questions have been presented by the defendant and appellant than those which have been mentioned, as dividing the judgment of the Appellate Division justices.

Section 65 of the Personal Property Law, (Cons. Laws, ch. 41), provides that "whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee, or his successor in interest, may comply with the terms of such contract and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

We think that when the defendant, through its attorneys, leased the fountain to Baumann, there was a retaking by the vendor of possession of the property sold. The time had come when, under the contract of sale, it was optional for the defendant to exercise its privilege under the contract and to retake the possession of the fountain. Such a retaking was not, necessarily, confined to a physical removal to the defendant's premises. In exercising an act of ownership, which was inconsistent with its pos-

session by the vendees, or their successor, the plaintiff, the defendant asserted its right to possession of the property; the title to which had remained in it subject to the condition of payment of the price. The argument that the property was in the custody of the law at the time and, therefore, could not be retaken by the defendant, is untenable. It was not in the custody of the law, as if taken and held under some legal process, which would hinder the defendant from acting under the contract. It is true that the plaintiff, as the trustee in bankruptcy proceedings, had succeeded to the possession of the fountain, with all other property and assets of the bankrupt; but his possession was subject to all valid claims, liens and equities affecting the same. Though vested by operation of law with the title of the bankrupts, he took their assets, not as would an innocent purchaser, but as the bankrupts held them. He could not oppose the defendant's retaking possession of this fountain; though he could enforce any right reserved to the vendees by the statute, which was violated in the manner of the retaking of possession. The question is in no wise affected by the physical removal on June 1st. Possession had been taken and the result of the summary proceeding by the defendant's attorneys, in leasing the fountain, was to forfeit the moneys paid by the vendees. The defendant did not comply with the provisions cited from the statute, which, had it done so, would have confirmed in it the right to retain the moneys paid.

Upon the second of the two questions presented, whether the express waiver in the contract was effectual, we hold that it was not, because inconsistent with the public policy which the legislative act manifested. The provisions of section 65 of the Personal Property Law, hereinbefore given, are unqualified in their terms. The language, "whenever articles are sold upon the condition that the title shall remain in the vendor　＊　＊　＊

until the payment of the purchase price   *   *   *   and the same are retaken by the vendor," etc., is comprehensive of every such transaction.   The legislative purpose was in the direction of promoting the public good, in mitigating the possible harshness of such a contract by preserving some right to a vendee, and, if originally, as part of the former Lien Law, perhaps, having more especial reference to waivers in contracts for the sale of household furniture and certain other articles of a household nature, the statute has been so changed by amendment as to read in its present unqualified form.   However designed, in the general purpose, to afford some equitable protection against the improvidence and misfortune of the poor, or necessitous, it is for the legislature, not for the court, to restrict the general operation of the act.   In *Roach* v. *Curtis*, (191 N. Y. 387, 391), in speaking of a clause in such a contract, which permitted the vendors to dispose of the retaken goods at private sale, Judge WILLARD BARTLETT, delivering the opinion of this court, doubted "whether such a modification is consistent with public policy."   It was unnecessary to decide the precise question; but he approved of Mr. Justice SPRING'S opinion, at the Appellate Division, as "aptly" pointing out, "if the vendors in a contract of conditional sale can deprive the vendee of the privileges accorded to him under the Lien Law   *   *   *   the practical benefits intended to be secured to the vendee by the statute can readily be nullified."

As the facts could not be changed upon a new trial and the facts found showed the exact amount, which had been paid on the fountain by the vendees, the Appellate Division, properly, ordered final judgment for the plaintiff for that amount, with interest.

The order and judgment appealed from should be affirmed.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Order and judgment affirmed, with costs.