(158 App. Div. 853.)

SEELEY v. PRENTISS TOOL & SUPPLY CO.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. SALES (§ 464*)—CONDITIONAL SALES—CONTRACTS.

A contract of conditional sale cannot take the sale out of the provisions of Personal Property Law (Consol. Laws 1909, c. 41) § 65, providing that, when articles sold upon condition that title shall remain in the vendor are retaken, they shall be retained for 30 days, during which time the vendee may comply with the contract, and at the expiration of such period the vendor shall sell the articles at fair auction, and unless so sold the vendee may recover the amount paid on such article; and hence a stipulation in a contract of conditional sale that payments shall be considered on account of the use of the articles, in case they are retaken for nonpayment, is invalid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1352; Dec. Dig. § 464.*]

2. SALES (§ 479*)—CONDITIONAL SALES—CONTRACTS—MODIFICATIONS.

While the provisions of a conditional sale cannot take the contract out of Personal Property Law (Consol. Laws 1909, c. 41) § 65, relating to the retaking of the articles by the vendor, yet, where the buyer's other creditors had not then recovered judgments against him, the buyer may in good faith agree with the seller, who sold on condition that title should remain in him until fully paid for, that, if the seller would retake the property and return the buyer's notes, excusing him from further liability, payments already made might be retained by the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. § 479.*]

Appeal from Trial Term, Broome County.

Action by Charles H. Seeley, as receiver of the Sidney Valve & Supply Company, against the Prentiss Tool & Supply Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

T. B. & L. M. Merchant, of Binghamton, for appellant.

Manice & Perry, of New York City (John M. Perry, of New York City, of counsel), for respondent.

WOODWARD, J. The plaintiff in this action was appointed receiver of the Sidney Valve & Supply Company in supplementary proceedings, and brings this action, under an order of the court, to recover a sum of money alleged to have become due to the Sidney Valve & Supply Company under the provisions of section 65 of the Personal Property Law. The facts are stipulated, and the learned court at Special Term has held that under the agreed statement of facts there is no liability on the part of the defendant.

On the 11th day of April, 1908, the defendant sold and delivered to the Sidney Valve & Supply Company certain lathes and milling machines, to the agreed value of $2,256, on a conditional sales agreement which provided that the purchase price should be paid by $564

---

in cash, and three notes for equal amounts to become due in the years 1908 and 1909, and the—

"title to remain in the said Prentiss Tool & Supply Company until all payments are made in full, * * * but if default shall be made in said payments * * * then the said Prentiss Tool & Supply Company * * * may * * * assume actual possession of said machinery, and the payments theretofore made shall be considered payments on account of the use thereof only, or it may allow said machinery to remain and proceed to collect the said sums."

The cash payment was made, and subsequently payments bringing the amount up to $828 were made, and in November, 1908, the Sidney Valve & Supply Company defaulted in its payments, and the defendant in this action became entitled to repossess itself of the property under the terms of its agreement. On the 22d day of December, 1908, the defendant wrote to the Sidney Company asking if that company had—

"any proposition to make us for the payment of amount due on the machinery belonging to us? * * * We must have a proposition from you at once in this connection if you desire to keep this machinery. We request that you reply to this letter promptly and oblige."

A correspondence followed, dealing with the details of the machinery, etc., and on the 25th day of February, 1909, the defendant wrote the Sidney Company that:

"We think the best way to clean up this matter is for us to accept the machinery covered by the contract, amounting to $2,256, in settlement of the balance due us. It is doubtful if this proposition will let us out whole, but it will enable us to close the matter up and get it out of the way, so that if this is satisfactory to you—and surely it ought to be—we will send our representative to Sidney in the near future to attend to the reshipment of this machinery. We shall ask you to afford him such assistance as he may require."

The Sidney Company replied to this letter on the 28th day of February, 1909, accepting the proposition of the 25th, and on the 1st of March the defendant notified the Sidney Company that its representative would leave for Sidney that night, and on the 2d of March the defendant's representative delivered to the Sidney Company a letter in which it was stated that:

"It is understood that when the machinery covered by contract dated April 11th, amounting to $2,256, is delivered to us that this will be in full settlement for the balance due in this transaction from the Sidney Valve & Supply Company on account of this contract. We will promptly send notes and other obligations, which we held on this contract, to you properly canceled."

With this understanding the machinery was delivered to the defendant's agent, and on the 6th day of March, 1909, the notes held by the defendant were canceled and delivered to the Sidney Company. The machinery thus delivered to the defendant's agent was not kept for a period of 30 days and then sold within 30 days after the expiration of such period under the provisions of section 65 et seq. of the Personal Property Law, and when subsequently sold realized a sum less than the Sidney Company would have been liable for upon the purchase-money notes, and the question presented by this appeal is whether the plaintiff, as receiver, under the judgment of the Syracuse

144 N.Y.S.—4

Supply Company, can recover in this action the amount which the Sidney Company had paid upon the machines. It is admitted that in March, 1909, at the time the arrangement was entered into between the defendant and the Sidney Company, that corporation was insolvent and indebted to various creditors, among them the Syracuse Supply Company, and it is the contention of the plaintiff that, the goods having been sold under a conditional sales agreement and subsequently returned to the defendant, the latter was bound to proceed under the statute, and to sell the same at public auction, in order to be relieved of the liability for the amount which had been paid on the purchase price.

[1, 2] There can be no doubt, we think, that the provision in the contract that the "payments theretofore made shall be considered payments on account of the use thereof only" is inoperative, and that the defendant cannot rely upon it to defeat this action; but we are not convinced that the parties to the original contract could not, by agreement subsequently entered into, settle the differences between them by any kind of an adjustment entered into in good faith for the discharge of obligations. The defendant was the owner and holder of certain notes of the Sidney Company, and it had a perfect right, after the default, to waive its right to repossess the machinery, and to sue upon the notes, and the machinery then in the possession of the Sidney Company would have constituted a portion at least of the assets of the corporation out of which its judgment might have been satisfied. The judgment of the Syracuse Company was not entered until the 20th day of September, 1909, and there is nothing in the record to show that the Sidney Company and the defendant did not act in entire good faith in entering into the agreement, under the provisions of which the Sidney Company voluntarily surrendered the machinery in consideration of the cancellation of the notes, and the defendant ought not to be compelled to contribute to the payment of other creditors unless the law is entirely clear upon the point.

It is true that the recent case of Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 102 N. E. 573, held that the parties in their contract could not waive the provisions of the statute; but we do not understand the court to hold that the parties, acting in good faith, could not enter into a subsequent agreement for the settlement of their rights, or that they could not make a new contract in relation to the property which had been purchased under a conditional sales agreement. It is one thing to contract in advance to waive the provisions of a statute, based upon considerations of public policy, and quite another to hold that parties may not enter into a subsequent agreement in relation to such property. The defendant had an option; it might take possession of the machinery under the terms of its sale, or it might elect to regard the sale as consummated and sue upon its notes, in either of which events the Sidney Company would have been protected, for it would have had the rights secured by the statute in the one case, or it would have had the machinery, subject to the payment of the notes, in the other. With these mutual rights existing, the parties entered into a negotiation. The defendant did not act under its contract and take the goods; it submitted a proposition to the Sidney Company; it was mutually

agreed that the proposition would hardly let the defendant out clear, but it seemed the best thing to be done, and the Sidney Company told the defendant to come on and pack up the machinery and close the thing up by restoring its notes; and we are of the opinion that this was a legitimate transaction, and that it is not governed by the provisions of section 65 et seq. of the Personal Property Law (Consol. Laws 1909, c. 41).

All that was contemplated by the statute was to afford protection to persons who had in good faith made purchases under conditional sales agreements, by providing a reasonable opportunity for redeeming the property and of compelling an equitable disposition of the funds where the property was sold; but it was never understood, so far as we are able to discover, that the statute was to prevent persons or corporations from entering into new agreements in relation to such property while in the possession of the purchaser, and where the vendor had made no move under his contract to repossess himself of the property. The case of Fairbanks v. Nichols, 135 App. Div. 298, 119 N. Y. Supp. 752, seems to be a sufficient authority for holding that in the present case the plaintiff has failed to establish a cause of action, and considerations of justice approve.

The judgment appealed from should be affirmed, with costs.