SIMON L. ADLER, as Trustee in Bankruptcy of the
ROCHESTER SANITARIUM AND BATH COMPANY, Respond-
ent, *v.* WEIS & FISHER COMPANY, Appellant.

Conditional sales — provision of statute (Personal Property
Law; Cons. Laws, ch. 41, § 65) requiring vendor who has retaken
articles to retain them for thirty days before selling — purpose
of such statute — when waiver thereof invalid.

Section 65 of the Personal Property Law (Cons. Laws, ch. 41)
relates to articles sold under conditional sale agreements and
imposes a duty upon the vendor who has retaken such articles to
retain them for a period of thirty days from the time of such retak-
ing. If during the thirty days the vendee does not comply with
the terms of the contract the vendor may cause such articles to be
sold at public auction. Unless the articles retaken are "so sold"
within thirty days after the retaking "the vendee or his successor
in interest may recover of the vendor the amount paid on such
articles by such vendee or his successor in interest under the con-
tract for the conditional sale thereof." On review of the authori-
ties, *held*, that the legislature's purpose being to mitigate the harsh-
ness sometimes arising under such conditional sale contracts, that
purpose would be frustrated if a mere waiver of the provisions of
the statute not in the form of a contract, by a vendee then in
default, could serve to take such contracts out of the protection of
the statute, and, therefore, such a waiver is invalid.

*Adler* v. *Weis & Fisher Co.*, 163 App. Div. 934, affirmed.

(Argued May 8, 1916; decided May 30, 1916.)

APPEAL from a judgment entered May 25, 1914, upon
an order of the Appellate Division of the Supreme Court
in the fourth judicial department, overruling defendant's
exceptions, ordered to be heard in the first instance by the
Appellate Division, denying a motion for a new trial and
directing judgment for plaintiff upon the verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*D-Cady Herrick* and *John J. McInerney* for appellant.
The court erred in denying defendant's motion to dismiss

the complaint and in directing a verdict for the plaintiff. (*Seeley* v. *Prentiss, etc., Co.*, 158 App. Div. 853; 216 N. Y. 63; *Fairbanks* v. *Nichols*, 135 App. Div. 298; *Nyboe* v. *Doll*, 167 App. Div. 225; *Breakstone* v. *Buffalo F., etc., Co.*, 167 App. Div. 62.) The plaintiff by words and conduct prior to the commencement of this action abandoned the furniture, waived its right to bring this action, and the trial court committed reversible error in refusing to permit the defendant to introduce evidence to that effect upon the trial. (*Fairbanks* v. *Nichols*, 135 App. Div. 298; *Nyboe* v. *Doll*, 167 App. Div. 225; *Breakstone* v. *Buffalo, F., etc., Co.*, 167 App. Div. 62.)

*Isaac Adler* and *Ernest B. Millard* for respondent. The trial court properly directed a verdict for the plaintiff. (*Roach* v. *Curtis*, 191 N. Y. 387; *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Wood* v. *Proudman*, 122 App. Div. 826; *Whitehall Co.* v. *Fish*, 105 N. Y. Supp. 346; *Krekeler* v. *Ritter*, 62 N. Y. 372.)

SEABURY, J. This is an action by a trustee in bankruptcy as successor in interest of a vendee to recover from the defendant, under section 65 of the Personal Property Law, the amount paid by the vendee under a conditional sale agreement. There is no dispute as to the facts. In January, 1908, the defendant sold to the Rochester Sanitarium and Baths Company certain furniture, the contract price of which was $6,369.78. The sale was made on condition that the title to the chattels should remain in the vendor until the purchase price, named in the contract, should be fully paid. Two thousand, eight hundred dollars of the purchase price was paid, and this amount was paid between January 1st and December 15th, 1908. In December, 1908, a judgment was entered against the vendee and the sheriff made a sale of the interests of the vendee under an execution issued upon the judgment. The sale was made to the Turkish Bath Company of

Rochester for $2.00. By an agreement between the defendant and the Turkish Bath Company the $2.00 was subsequently paid and on December 19th, 1908, the defendant regained possession of the chattels. On January 13th, 1909, the defendant procured from the Turkish Bath Company a waiver of "the provision of the statute requiring the said Weis & Fisher Company to retain possession of said chattels subject to the right of redemption of said Turkish Bath Company of Rochester for a period of thirty days after taking the same." The chattels were sold by the vendor, but not at public auction and not within the time prescribed by statute. On March 4th, 1909, nearly three months after the defendant had retaken the chattels, the Rochester Sanitarium and Baths Company was adjudged a bankrupt and Adler, the plaintiff herein, was appointed and qualified as trustee. In July, 1909, the present action was commenced. In its answer the defendant denied "that on or about the 15th day of December, 1908, said articles were retaken by defendant without the consent of the Rochester Sanitarium and Baths Company, but (and) alleges and charges the fact to be that said articles were retaken by the defendant with the consent of said Rochester Sanitarium and Baths Company, and upon request and instruction to so take the same." Upon the trial the defendant offered evidence to show that the vendee, after default under the contract of conditional sale, consented that the defendant should retake the chattels and waived the provision of the statute which required the vendor upon retaking the chattels to sell them at public auction within the time prescribed by statute. This evidence was excluded subject to the exception of the defendant. It was not alleged in the answer or attempted to be proved upon the trial that the vendor and vendee entered into any new contract upon a new consideration. The effort of the defendant to defeat the plaintiff's right to recover was limited to attempting to prove that after

default in the original contract the vendee waived the provision of the statute referred to above. Nor did the defendant plead or offer proof to establish that the vendee was estopped from maintaining an action under the provision of the statute embodied in section 65 of the Personal Property Law. The only question, therefore, which we are required to determine upon this appeal is whether after a breach of its agreement the vendee may waive the provision of the statute. Although other and broader questions were suggested upon the argument they are not presented by the pleadings, and we do not assume to determine them at this time.

Section 65 of the Personal Property Law (Cons. Laws, ch. 41) relates to articles sold under conditional sale agreements and imposes a duty upon the vendor who has retaken such articles to retain them for a period of thirty days from the time of such retaking. If during the thirty days the vendee does not comply with the terms of the contract the vendor may cause such articles to be sold at public auction. If the articles retaken are not "so sold" within thirty days after the retaking "the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof." This statute was considered by this court in *Roach* v. *Curtis* (191 N. Y. 387, 391), where Judge Willard Bartlett, in rendering the opinion of the court, pointed out that if the vendor in a contract of conditional sale can deprive the vendee of the privileges accorded him under this statute "the practical benefits intended to be secured to the vendee by the statute can readily be nullified." The effect of such a provision inserted in the contract was not, however, determined in that case. The question of the effect of an express waiver in the contract of conditional sale of the statutory privileges was considered and determined by this court in *Crowe* v. *Liquid Carbonic Co.* (208 N. Y. 396, 402).

In that case Judge GRAY said: "Upon the second of the two questions presented, whether the express waiver in the contract was effectual, we hold that it was not, because inconsistent with the public policy which the legislative act manifested." In *Seeley* v. *Prentiss Tool & Supply Co.* (158 App. Div. 853; affd., 216 N. Y. 687) the question was presented whether a new agreement made upon a new consideration after there had been a default under the conditional sale agreement was within the condemnation of section 65 of the Personal Property Law. In that case it was held that such a new agreement was not invalid. In writing for the Appellate Division Mr. Justice WOODWARD said, after referring to the rule declared in *Crowe* v. *Liquid Carbonic Co.* (*supra*): "It is one thing to contract in advance to waive the provisions of a statute, based upon considerations of public policy, and quite another to hold that parties may not enter into a subsequent agreement in relation to such property." (p. 856.) The judgment rendered in that case was affirmed upon appeal. (*Seeley* v. *Prentiss Tool & Supply Co.*, *supra*.) The decisions construing the statute now under consideration have made it clear that a waiver of the provision of the statute in the contract is invalid as contrary to public policy (*Crowe* v. *Liquid Carbonic Co.*, *supra*) and that a new agreement founded upon a new consideration made after a default under the contract is valid and enforceable. (*Seeley* v. *Prentiss Tool & Supply Co.*, *supra*.) The present case occupies a middle ground between these two decisions and we are asked to hold that a mere consent or waiver not expressed in a contract is consistent with public policy. We think that for us to so hold would materially weaken the protection which the statute was designed to afford to those within its provisions. (*Crowe* v. *Liquid Carbonic Co.*, *supra*, at p. 403.) The legislature's purpose being to mitigate the possible harshness sometimes arising under such conditional sale contracts, we think that purpose would be

frustrated if a mere waiver or consent not in the form of a contract, by a vendee then in default, could serve to take such contracts out of the protection of the statute. When, after default, the parties enter into a new contract upon a new consideration, and attempt in good faith by such a contract to settle the differences between them, a different case is presented which is not within the protection of the statute. Whether or not acts or conduct constituting an estoppel would be within the provision of the statute it is not now necessary to determine (*Breakstone* v. *Buffalo Foundry & Machine Co.*, 167 App. Div. 62, 73), as there was in this case neither pleading nor proof to sustain the claim of estoppel. In the case under consideration the pleading when liberally construed may fairly be regarded as alleging a waiver on the part of the vendee, and the exclusion of the evidence of waiver which the defendant sought to introduce presents the question whether such a waiver if in fact made is sufficient to take the case out of the operation of the statute. In our opinion it is not. The same considerations of public policy which required us to hold that an express waiver in the contract was invalid impel us to the conclusion that a mere waiver made after default is equally offensive to the public policy manifested in the statute, and, therefore, not effective to take such a case out of the operation of the statute.

It follows that the judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.

Judgment affirmed.