FLOYD R. McDOUGALL, Respondent, v. GUY W. SHOE-MAKER, Doing Business as the SOUTHERN TIER MOTOR COMPANY, Appellant.

Contract of conditional sale — when conclusion of law warranted that new agreement was made which was not governed by provisions of Personal Property Law — appeal — effect of failure of Appellate Division to reverse any finding of fact or conclusion of law or make new findings.

1. Where in an action for the recovery of moneys paid upon a contract of conditional sale of an automobile, it is found as fact that plaintiff, not being in default in any payments due under the contract, returned the car to defendant saying he did not want it and that defendant accepted the car with the understanding that he would try to sell it and apply the proceeds upon the balance due from plaintiff but informed the latter that he would have to make up any deficiency, the conclusion of law is warranted that a new agreement was entered into between the parties which is not governed by the provisions of the Personal Property Law.

2. Where an order of the Appellate Division did not reverse any finding of fact or conclusion of law made by the trial judge, or make new findings in support of the affirmative judgment ordered in favor

of plaintiff, such omission necessitates a reversal or modification of the order of that court (Code Civ. Pro. § 1317; Civ. Pr. Act, § 584; Rules Civ. Pr. 239), the facts found by the trial court are controlling and when they support the conclusions of law the judgment must be reinstated.

*McDougall* v. *Shoemaker*, 202 App. Div. 273, reversed.

(Argued May 1, 1923; decided May 29, 1923.)

Appeal, by permission, from a judgment, entered July 17, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant, entered upon a dismissal of the complaint at a Trial Term of the Chemung County Court and directing judgment in favor of plaintiff.

*Levi Ginsburg* for appellant.   Section 65 of the Personal Property Law was not violated.  (*Seeley* v. *Prentiss T. & S. Co.*, 158 App. Div. 853; 216 N. Y. 687.)   The plaintiff having induced the defendant to receive back the automobile and thereby waive all rights on the notes which the plaintiff had given to the defendant, the defendant is estopped to deny the validity of said acceptance. (*Cooper* v. *Payne*, 111 App. Div. 785.)

*Robert P. McDowell* for respondent.   No new agreement was made when the car was returned.  (*Seeley* v. *Prentiss T. & S. Co.*, 158 App. Div. 853; 216 N. Y. 687.) Plaintiff did not waive the provisions of the statute. (*Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295; *McDougall* v. *Shoemaker*, 202 App. Div. 273; *Hoffman* v. *White Sewing Machine Co.*, 123 App. Div. 166; *Roach* v. *Curtis*, 115 App. Div. 767; 191 N. Y. 387; *Hurley* v. *Allman Gas Engine & Machine Co.*, 129 N. Y. Supp. 14; *Plumiera* v. *Bricka*, 79 Misc. Rep. 468; *Moore* v. *Bloomingdale*, 126 N. Y. Supp. 125.)   The defendant retook the car within the meaning of section 65 of the Personal Property Law.   (*Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396.)

HOGAN, J. From a judgment rendered in favor of plaintiff against defendant in the City Court of the city of Elmira, defendant took an appeal to the County Court of Chemung county and demanded a new trial. Upon such new trial at the close of the evidence both parties moved for direction of a verdict. The jury was thereupon discharged. After due consideration of briefs filed by counsel the trial judge made findings of fact and conclusions of law, the final conclusion of law being that defendant was entitled to judgment dismissing the complaint on the merits. Upon the appeal to the Appellate Division the judgment of the County Court was reversed and judgment directed for the plaintiff in the sum of $201.10 with interest from September 22, 1920.

Upon the trial of the action the evidence was confined to the testimony of plaintiff. The findings of fact made by the county judge are based upon and supported by the evidence of plaintiff and present the facts in the case. In substance they are:

On July 22, 1920, defendant as vendor and plaintiff as vendee entered into an agreement in writing for the sale of an automobile. The agreement was of the character specified in section 62 of the Personal Property Law (Cons. Laws, ch. 41).

That by virtue of said agreement, plaintiff made a cash payment upon said automobile and gave certain promissory notes due from time to time covering the balance of the purchase price.

On September 21, 1920, plaintiff returned the automobile to defendant. That, at the time of the surrender of the same plaintiff was not in default in any payments due thereon by virtue of the contract, but told defendant he did not want it. That defendant accepted said car with the understanding that he would try and sell it and apply the proceeds of such sale upon the balance

9

due from plaintiff to defendant. At the same time defendant informed plaintiff that if the automobile should sell for less than the amount plaintiff owed on it plaintiff would have to make up the balance.

That after plaintiff returned the automobile, defendant did not endeavor to collect on the promissory notes which plaintiff gave defendant on July 22, 1920, nor has defendant ever tried to collect said notes.

As conclusions of law the trial judge found: That a new contract was entered into between plaintiff and defendant September 21, 1920, wherein and whereby the plaintiff and defendant rescinded the conditional contract of sale into which they had entered on July 22, 1920.

That plaintiff having induced defendant to receive back the automobile from him and waive any rights on the notes plaintiff had given defendant, plaintiff is estopped to deny the validity of said acceptance.

That the forming of a new contract rescinded the old one, which new contract stands as if no previous one had been made. The new contract stands as if no previous one had been made, and substituted new terms and implicitly includes a waiver of the old one. That defendant is entitled to judgment against plaintiff dismissing the complaint on the merits, with costs.

The order of the Appellate Division did not reverse any finding of fact or conclusion of law made by the trial judge, or make new findings in support of the affirmative judgment ordered in favor of plaintiff as required under the provisions of section 1317, Code Civil Procedure (now section 584, Civil Practice Act) and rule 239, Civil Practice Rules. Such omission would alone necessitate a reversal or modification of the order of that court. (*Caldwell* v. *Nicolson*, 235 N. Y. 209, and cases there cited.) The facts found by the trial judge are, therefore, controlling and if they support the conclusions of law, the judgment must be reinstated.

Upon the trial defendant rested his case on the evidence

offered by plaintiff, which as found was a conditional sale and purchase of an automobile between the parties on July 22, 1920, a partial cash payment and promissory notes due from time to time for the balance of purchase price, by plaintiff.

September 21, 1920, plaintiff not being in default in payments, surrendered the automobile to defendant, saying he did not want it. Thereupon the car was accepted by defendant with the understanding that he would try and sell the same and would apply the proceeds of the sale upon the balance due from plaintiff, and in the event that the sale was for a sum less than the amount due from plaintiff the latter would be obliged to make up the balance. Upon the making of such agreement the parties separated. Defendant did not thereafter endeavor to collect on the promissory notes on the due days. The parties in entering into such agreement were not acting under or in violation of section 65 of the Personal Property Law. Defendant as conditional vendor did not in fact, neither could he legally assert any right under that statute, the plaintiff not then being in default. There was no retaking of the automobile by defendant but a voluntary surrender of the car by plaintiff because he did not want it, and acceptance of same by defendant under the agreement above stated. Whether or not defendant by the agreement entered into became the agent of plaintiff to make sale of the car, or the arrangement made between the parties operated as a new agreement whereby the defendant who was not obligated to accept the car, did nevertheless accept the same under the agreement made, is immaterial. The trial justice found as conclusion of law that a new agreement was entered into between the parties. (*Seeley* v. *Prentiss Tool & Supply Co.,* 158 App. Div. 853; affd., 216 N. Y. 687.) We reach the same conclusion and that the transaction between the parties is not governed by the provisions of the Personal Property Law.

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs to appellant in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Judgment reversed, etc.