CHARLES R. DAVIS *v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA

(No. 6756)

Submitted February 11, 1931. Decided February 17, 1931. (Rehearing denied April 3, 1931.)

*M. M. Neely,* for plaintiff in error.

*J. V. Blair* and *A. Blake Billingslea,* for defendant in error.

Woods, Judge: ·

Charles R. Davis recovered from his seller's assignee, International Harvester Company of America, the minimum damage provided in section 25, chapter 64, Acts 1925, because of the latter's failure to make sale, within the time prescribed by statute, of the four trucks which had been repossessed by it. Defendant brings error.

It appears from the record that during 1925 plaintiff purchased four International trucks from a local dealer, at an aggregate consideration of $17,222.00. An order, setting out the conditions of sale, was signed in each instance by the purchaser. In 1926, plaintiff, after having paid something over $8,000.00, defaulted, and shortly thereafter signed four new orders, each being for a sum equal to the balance due and each stating in the body thereof that it covered "renewal of original notes given". The provisions therein were identical with the former series, containing among others that "the purchaser agrees that this order contains the entire agreement relating to the sale of said motor truck and that he has received a true copy thereof." $4,106.00 was paid under the second series. On a second default, and after repossession on the part of defendant, plaintiff, the ten-day period having run, executed a "conditional sales note" which stated on its face that it was "given for the balance of the purchase price of" the four trucks. This note contained provisions of like import to the terms of sale set out in the former orders signed by the buyer. Upon default under this last arrangement, the defendant repossessed the trucks, which it still holds.

The defendant contends (1) that the declaration is not sufficient; and (2) that the court was not warranted, under the facts, in instructing the jury that in no event should their verdict be less than one-fourth of the sum of all payments made under the contracts in evidence, which, as shown

by stipulation on the record, amounted to the sum of $13,122.00.

Inasmuch as the plaintiff admits that the so-called special counts are insufficient, our first question resolves itself into whether or not a recovery may be had under the common counts in a case of this character. "General assumpsit is an action of assumpsit for the recovery of damages for the breach of the promise implied by law in quasi-contracts, in inferred contracts, and on contracts performed except for the payment of money." 3 Stand. Ency. Proc. 192. To like effect: Kittle's Modern Law of Assumpsit, sec. 99. As stated repeatedly by this Court, the common counts in assumpsit constitute a kind of equitable action, applicable to almost every case where money has been received by one, which, in justice and conscience, ought not to be retained. *Burke* v. *Nutter*, 79 W. Va. 743. "In general, where the claim is merely of a pecuniary nature, and is founded on the past or completed or executed consideration, it is sufficient to declare upon the common indebitatus counts." 1 Chitty Pl. (11th Am. Ed.) 288. To like effect: *B. & O. R. R. Co.* v. *Lafferty*, 2 W. Va. 104.

In the instant case, the buyer had paid in $13,122.00 on a total consideration of $17,222.00. So, according to plaintiff's theory, the defendant, by failure to make sale of the repossessed trucks, after default on payments of "conditional sales note," within the time and in the manner prescribed by section 19, has become liable, under section 25, to the buyer for the latter's actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest. In other words, it is contended that, by operation of statute, the defendant now holds in its hands certain moneys which are due and owing the plaintiff. The contract is at an end—nothing remains to be done, except the return by the seller to the buyer of such amount of the said purchase price as will compensate the latter for damages sustained, which in no event shall be less than one-fourth of the amount paid. In such a situation recovery may be had on the general counts as well as on special counts. While the common counts do not inform the defendant of the special facts constituting the cause of action,

a motion for a bill of particulars furnishes a complete remedy for this defect. Chapter 130, section 46, Code. Whether or not the bill was full enough is not before us, for defendant went to trial without objecting and excepting to it for incompleteness; nor did it challenge its sufficiency by objecting to the evidence introduced on the trial upon the ground that the same was without the scope thereof. We believe that the common counts, with the bill of particulars filed, were sufficient to maintain the suit.

This brings us to the question of whether or not plaintiff was entitled to the damages under the case made. This rests upon the construction of the several agreements heretofore referred to. Plaintiff contends (and the verdict was directed to the extent of the statutory penalty on this theory) that the second series of contracts as well as the conditional sales note amounted merely to an extension of time rather than an extinguishment of the original contract.

It was the intention of the legislature in enacting the Conditional Sales Act (chapter 64, Acts 1925) to provide in sections 19 and 23 a foreclosure sale system, for the purpose of protecting the equity of the conditional buyer and insuring the return to him of such proportion of his part payments as are equitably due him. Compulsory foreclosure, however, is limited to cases where the buyer has a substantial equity (has paid in 50% or more), unless the buyer demands foreclosure. Section 26 provides specifically that no act or agreement of the buyer before or at the time of the making of the contract nor any agreement or statement by the buyer in such contract shall constitute a valid waiver of the provisions of sections 18, 19, 20, 22 and 25, but makes no provision regarding waivers thereafter. In the absence of a provision similar to our section 26, the decisions construing section 65 of the N. Y. Per. Prop. Law (Consol. Laws, c. 41), providing for a foreclosure, have made it clear that a waiver of the provision of the statute in the contract is invalid as contrary to public policy. *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396, 102 N. E. 573. However, it has been held that a new contract between the vendor and vendee, after default, and for a consideration passing between the parties, is sufficient to waive

the statutory protection theretofore existing in favor of the vendee. *Seeley* v. *Prentiss Tool & Supply Co.*, 158 App. Div. 853, 144 N. Y. S. 48, affirmed 216 N. Y. 687, 110 N. E. 1049; *Alder* v. *Weis & Fisher Co.*, 218 N. Y. 295, 112 N. E. 1049. But nothing short of this will suffice. So the question presented is whether or not the subsequent dealings in the instant case did in fact amount to a new contract. It appears from the facts that the trucks had been repossessed prior to the execution of the "conditional sales note," and that the ten-day period of redemption had expired. So, under section 19, *supra*, the Harvester Company was required to proceed to give notice for sale of the property. However the property and the several purchase money notes accompanying the former contract were turned back to the purchaser on the execution of the "conditional sales note." Practically the same provisions contained in the original purchase contract, except for an added concession or two for the further security of the seller, were incorporated in and made a part of this note. The redemption period having expired, the buyer could not repossess the cars, except upon agreement with the seller. The cars might be worth more to the purchaser than they would bring at a forced sale; a number of the purchase money notes were outstanding. The seller, after sale, could look to the purchaser for the unsatisfied portion of the original purchase price. However, upon the execution of the "conditional sales note," and a deed of trust on another automobile, (the latter paper not being mentioned in the former), the trucks and notes were returned. The majority of the court are of opinion that the actions of the parties under the situation presented is sufficient to show an intent on the part of the parties to substitute the "conditional sales note" and its conditions in place of the old obligation, thereby extinguishing whatever rights the parties may have had thereunder. In view of this position, it becomes unnecessary to construe the two clauses heretofore quoted, in the second series, and to determine whether or not the second clause is controlling over the first, thereby establishing a new contract between the parties. The writer, however, does not concur in the decision. He is of opinion

that if the "conditional sales note" was intended as a new contract, in preference to a further sufferance on the part of the seller under the original obligation, that such intention should have appeared in the writing by a specific statement to that effect; otherwise, the buyer's equities might in some cases be jeopardized on a slight default.

In view of the position taken in regard to the "conditional sales note," the verdict of the jury must be set aside, and the case remanded.

*Judgment reversed; verdict set aside; case remanded.*

MAXWELL, JUDGE, (concurring):

I take the position not only that the "conditional sales note" of December 19, 1927, effected a novation of all that preceded it, but also that the second series of contracts or orders, dated June 3, 1927, novated the original contracts or orders. This would seem to be the plain intendment of the language used in each of the second series: "The purchaser agrees that this order contains the entire agreement relating to the sale of said motor truck and that he has received a true copy thereof." If, as that language clearly indicates, each second contract constituted the complete repository of the agreement between the parties with reference to the truck covered thereby, what boots it whether in the recitals in said contract the consideration thereof is referred to as the amount remaining unpaid on the original purchase price of the truck, or some other amount? The consideration might certainly have been either more or less than the unpaid balance; the seller might have exacted more to cover its additional trouble; the buyer might have demanded a reduction. If it so happened that the parties were willing to agree on the balance as the proper basis of the new contract, the mere fact that it was the balance becomes inconsequential. The express language quoted should control.