### NEWFIELD v. NATIONAL CASH REGISTER CO.

No. 140, Docket 21853.

United States Court of Appeals Second Circuit.

Argued Jan. 4, 1951.

Decided Jan. 26, 1951.

Philip Klein, New York City, for appellant.

William H. Schreiber, New York City, Isador Goetz, New York City, of counsel, for appellee.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves a controversy between the trustee in bankruptcy of K & P Bakery, Inc., bankrupt, and the conditional vendor of a cash register. The proceeding was initiated by the petition of the vendee's trustee in bankruptcy to have the referee declare void the conditional vendor's claim of lien, and to direct sale of the machine by the trustee in bankruptcy. The conditional vendor answered the petition and by counterclaim asked that the trustee in bankruptcy be directed to surrender to it possession of the cash register. Upon the issues thus raised the referee took evidence, made findings of fact, and concluded as matter of law that the claim of the conditional seller was void as against the buyer's trustee in bankruptcy. Upon review by the district court the referee's order was confirmed. The conditional seller, The National Cash Register Company, has appealed.

There is no dispute as to the facts. Pursuant to a conditional sales contract the cash register was delivered to K & P Bakery, Inc., at its place of business in New York City about November 20, 1948 and was still in its possession when it was adjudicated bankrupt in June 1949. At the date of delivery the bankrupt was credited with a cash payment of $120 and $276 for a used machine which was turned in, leaving a balance of $975.48 which was payable on delivery of the new cash register. The conditional sales contract was never filed in the office of the Register of the County of New York. Consequently, as is conceded, the reservation of title was void as against the buyer's trustee in bankruptcy. It is upon a second conditional sales contract that the appellant relies to support its claim. This contract came about under the following circumstances. A salesman of the appellant had repeatedly demanded payment of the balance of the purchase price due under the first contract. On one occasion Mr. Katcher, the president of the bankrupt told him that he was getting out of the business and that Mr. Adolph Proos, who was also an officer of the bankrupt, would take over. Mr. Proos told the salesman he would sign a contract but wanted it on time payments. The salesman then prepared the contract dated January 29, 1949 which Proos signed. It requested the appellant to manufacture and deliver to 84 Nagle Avenue, New York City, which was the bankrupt's place of business, the same cash register which the bankrupt then had, and Proos, who was named as the purchaser, agreed to pay $1439.73, less an allowance of $396, "Paid on order of K & P Bakery Inc. 9/16/47," in 14 monthly installments. Proos also signed a promissory note for these installment payments in the total amount of $1043.73. Because of the time payments requested by Mr. Proos, the balance due under the first contract, $975.48, was in-

crcased to $1,043.73. The contract dated January 29, 1949 was accepted by the appellant on February 17, 1949 and was filed in the office of the Register of the County of New York on February 28, 1949. The bankrupt thereafter paid instalments due under the second contract in March and April 1949 by checks drawn on its account and continued to keep and use the cash register.

From evidence before him the referee concluded that in signing the second contract dated January 29, 1949 Proos was acting for and on behalf of the bankrupt and pursuant to its authority, as the appellant knew; that the second contract was in fact a contract between the appellant and the bankrupt made in the name of Proos for a disclosed principal, and that the filing of the second contract in the office of the Register did not comply with the New York statute because it did not disclose the name of the real purchaser; consequently the purported reservation of title in the appellant was held void as to the trustee.

The appellant contends that its making of the contract with Proos was a retaking of possession of the cash register from the bankrupt and a new sale, with delivery of possession to him. Fundamentally the argument is an attack upon the referee's finding that possession remained in the bankrupt from the time the machine was delivered in November 1948 until the trustee took possession of it in July 1949. If the seller had retaken the cash register in January 1949 and later sold and delivered it to Proos we will assume that the sale would have been good, notwithstanding his fiduciary relation to the bankrupt, of which he was secretary

and treasurer. Even after retaking possession the seller would have been under certain disabilities by reason of the Uniform Conditional Sales Act, which gives the conditional buyer a right to redeem within ten days[1] and the right to insist upon a sale at auction.[2] We agree that the bankrupt could have surrendered these rights by agreement with the seller.[3] But there is no evidence that the bankrupt did surrender them. On the contrary it continued to keep and use the cash register at its place of business and it paid at least two monthly instalments on the note Proos gave the appellant. It is clear Proos did not mean to take over the purchase but was acting on behalf of the bankrupt. The referee was plainly right in holding Proos contracted as agent for a disclosed principal. On such a contract both the principal and the agent can be held liable.[4] The legal result of making the second contract was to give the conditional seller the security of Proos' note in consideration for modifying the bankrupt's liability so that the purchase price could be paid in instalments.

We agree also with the referee's holding that filing the second contract in the Register's Office was not a compliance with the statutory requirements,[5] the purpose of which is to give notice to creditors of the conditional buyer that the title is not in him despite his possession of the goods. A contract which omits the name of the buyer cannot serve this purpose and is as ineffectual against his trustee in bankruptcy as one which omits a description of the goods sold.[6] Furthermore even on the assumption that the contract with Proos was intended as a resale of the cash register to him it was not a conditional sale within the statute, because possession

1. N. Y. Personal Property Law, McK. Consol. Laws, c. 41, § 78.

2. N. Y. Personal Property Law, § 80.

3. Seeley v. Prentiss Tool & Supply Co., 158 App.Div. 853, 144 N.Y.S. 48, affirmed 216 N.Y. 687, 110 N.E. 1049; compare Crowe v. Liquid Carbonic Co., 203 N.Y. 396, 102 N.E. 573; Adler v. Weis & Fisher Co., 218 N.Y. 295, 112 N. E. 1049.

4. Byington v. Simpson, 134 Mass. 169; Restatement of Agency, § 149. Cf. Dahlstrom v. Gemunder, 198 N.Y. 449, 452–453, 92 N.E. 106; Mecham, Agency, 3rd ed. § 371.

5. N. Y. Personal Property Law, §§ 65, 66.

6. Empire State Chair Co. v. Beldock, 2 Cir., 140 F.2d 587.

was never delivered to him.[7] On that assumption the sale would be merely a device by which Proos and the seller agreed to give the possessor of the goods—the bankrupt—an apparent ownership when in fact it had no interest in them. That would have been an obvious fraud.

Order affirmed.

Section 61 of the New York Personal Property Law defines a "conditional sale" to mean "any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer * * * upon the payment * * * or the happening of any contingency".