Mastín Schenck, J.
The plaintiff some time ago entered a judgment by default against the defendant. The action was based upon an alleged deficiency arising from a private sale of an automobile, which the plaintiff had repossessed following default by the defendant in keeping up installment payments. The plaintiff is assignee of the conditional seller of the automobile.
It appears that the defendant advised an employee of the plaintiff, at the latter’s place of business, that he could not maintain his payments and voluntarily surrendered possession of the automobile in question. Thereupon the plaintiff’s employee gave the defendant a so-called “ customer release” and advised him to sign it. This instrument, signed only by the defendant, purports to authorize a private sale in place of the sale at public auction required under the Uniform Conditional Sales Law as set forth in sections 79 through 80-d of the New York Personal Property Law. The instrument afforded no benefit to the customer in any way except that it recited the following language, presumably to be adopted by the plaintiff when he signed the instrument: “ believing that you may be able to dispose of this property advantageously to me, without the expenses, chargeable to me, of legal proceedings and public sale, and to reduce my liability as much as possible for a deficiency after sale, I hereby request and authorize you ”, The authorization goes on to permit a private sale, adding that the customer, in effect, will remain liable for a deficiency.
The defendant has moved to open the default and has asked permission to defend the action on the ground that he is not bound by the so-called “ customer release ”. He contends that there has been a violation of the Uniform Conditional Sales Law. Counsel for the respective parties have agreed to submit the proposition of law to the court upon the foregoing conceded facts. They have, in effect, agreed that if the defendant’s position is tenable, the judgment should be vacated. The defendant also asks for relief under section 80-e of the Personal Property Law, which authorizes a buyer to recover from a seller, who has failed to comply with the provisions of the Conditional Sales *1076 Law, one quarter of the sum of all payments which he has made under the contract, with interest.
I am of the opinion that the so-called “ customer release ’ ’ is no more than a subterfuge to escape the provisions of the Uniform Conditional Sales Law with respect to public sales of repossessed property. The purpose of the enactment of the law was to protect the public from the very practice employed by the plaintiff herein. Adler v. Weis & Fisher Co. (218 N. Y. 295) holds squarely that a mere waiver of the statute, not in the form of a contract, by a defaulting vendee cannot serve to remove a conditional sales contract from the protection of the statute. The so-called “ customer release ” is certainly not a waiver “ in the form of a contract ”.
The authorities covering the problem at hand are well reviewed in Clark v. Tri-State Discount Co. (151 Misc. 679, 683). It was there stated that 1 ‘ the seller may not circumvent the statute, nor the buyer waive the protection it affords him”. The Clark case, citing Crowe v. Liquid Carbonic Co. (208 N. Y. 396) and Roach v. Curtis (115 App. Div. 765, affd. 191 N. Y. 387), also states “ that an express waiver in a conditional sales contract of the provisions of a statute is ineffectual because inconsistent with the public policy which the legislative act manifested ”. In the case at hand, the defendant was entitled to the protection of the statute requiring public sale with advertising, etc. As indicated above, he has not waived that protection. It follows that the plaintiff must be deemed to have failed to comply with provisions of law referred to in section 80-c of the Personal Property Law and is therefore subject to the penalty set forth in that section. In view of the fact that the defendant had paid the sum of $1,727.48 before surrendering the automobile, he is entitled to recover one quarter of this amount, or $431.87, from the plaintiff.
Pursuant to the agreement between counsel for the respective parties, therefore, the judgment is opened, the complaint dismissed, and the garnishee order obtained by plaintiff vacated. The money heretofore collected and held in escrow by the defendant’s employer is directed to be refunded. The defendant is also granted judgment against the plaintiff in the sum of $431.87, with interest from the date of surrender of the automobile. An order to this effect and judgment thereupon may be entered accordingly, with costs to the defendant.