■ UNIVERSAL C. I. T. CREDIT CORPORATION, Appellant, v. JOHN L. OWENS, Respondent.— Appeal from a judgment rendered at Trial Term, County Court, Albany County. The order of the County Court appealed from recited that on the motion to vacate a default judgment the parties had "agreed upon the facts in said action" and had "agreed to submit the proposition of law to the Court upon said facts" and "in effect" had agreed that if "defendant's position herein be tenable" the default judgment for plaintiff should be vacated and judgment entered for defendant. Part of the basis for decision of the County Court granting judgment for defendant was that an agreement made between the parties the validity of which is the main issue in the case was without consideration. Plaintiff's brief states that this question was not within the scope of stipulated submission to the County Court; but that "the case was submitted to the Court below on conceded facts as disclosed by the pleadings". The pleadings are, however, irreconcilable on their face, and are so framed that we are unable to tell whether it was understood, or not, in the stipulation of the parties that the allegations in the defendant's answer that the agreement was "illegal" and "contrary to the law" and "against the public policy" of the State rested in part on an absence of a separate consideration for the agreement. Further, there is nothing in the opinion, the order, or the record before us to indicate that the submission was on "conceded facts as disclosed by the pleadings". The opinion of the County Judge is that counsel for both sides "have agreed to submit the proposition of law to the Court upon the foregoing conceded facts". This may be something quite different. The record contains no written stipulation; no transcript of an oral stipulation; nor even an agreed summary of what was stipulated. The argument of appellant that the Judge in his decision transcended a stipulation which is not before us and which is in dispute, makes it necessary to direct that a resettlement of the record be made by the Judge showing exactly what was stipulated. The record is remitted for resettlement. The order on this decision should be settled on notice. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur. [8 Misc 2d 1074.]