MARGARET CREQUE, d/b/a/ COMMUNITY MOTORS

v.

EVELYN KNOWLES, Appellant

No. 15,425

United States Court of Appeals

Third Circuit

Argued February 2, 1966

Decided May 12, 1966

*See, also, 361 F.2d 467*

JAMES A. RICHARDS, JR., ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge;* and MARIS and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

## OPINION OF COURT

In this action for debt by the seller of an automobile against the buyer on a note for the unpaid balance of the purchase price, the court below, sitting without a jury, found for the plaintiff. The defendant has appealed, contending that she has suffered offsetting damage by reason of the seller's failure to comply with the provisions of the Uniform Conditional Sales Act, as then in force[1] in the Virgin Islands. V.I. Code, title 11, sections 641–48.

The statutory provisions upon which the appellant relies are section 655 of title 11, which authorizes the seller in the event of default to retake a chattel sold under a contract of conditional sale, and section 658, which regulates resale by the seller after retaking. If more than 50 per cent of the purchase price has been paid, as was the case here, the latter section requires the seller to sell the repossessed property at public auction after appropriate notice to the buyer. If the seller does not dispose of the property in this way, it is further provided in section 664 that the buyer may recover damages.

In this case the buyer attempted to show that the seller had violated the statute by retaking the car and disposing of it by private sale and without notice to the buyer. The seller claimed that she had accepted the return of the car and had sold it at the buyer's request and pursuant to a

---

[1] In 1965, this statute was repealed and superseded by the Uniform Commercial Code. See section 2 of Act of February 19, 1965, No. 1299.

valid new arrangement for liquidating the buyer's obligation.

It is not disputed that in October, 1962, the parties undertook to substitute the note in question for the obligation of the original conditional sale contract. The new obligation was an unsecured note for the unpaid balance of the purchase price, and it was payable in smaller monthly installments and over a longer period of time than the original contract provided. There was a sharp conflict in the testimony about what was done and agreed with reference to the automobile. The court credited the seller's testimony that in September, 1962, when the car was still in the buyer's possession and several payments were overdue, she sent the buyer a notice of retaking, but that she did not exercise her right to repossess the car pursuant to that notice. The court also found, as testified by the seller, that shortly after receipt of this notice the buyer came to her office and proposed that she permit the buyer to pay the balance of the agreed price over a longer term and in smaller monthly amounts than the original contract required and that she also take the car and sell it as best she could for the buyer's account. The seller also testified that, accepting this proposal, she then agreed to cancel the conditional sale contract and instead to take the new note and accept delivery of the car for resale for the buyer. It is not disputed that she later sold the car at private sale and credited the buyer with the amount received. While the buyer disputed the seller's version of the events and the understanding which attended the return of the car, the seller's testimony was neither inconsistent with the undisputed facts nor inherently incredible and the trial court was entitled to believe it.

The one question of law is whether such a new agreement can abbrogate the obligation of a conditional seller under the Uniform Conditional Sales Act to sell a retaken chattel

only at public sale after prescribed notice. Under the new arrangement in this case the buyer received new consideration in that the monthly payments required of her were reduced. Indeed, since the buyer was in default when the new agreement was made, she was also relieved of the effect of an acceleration clause which made the entire balance of the price payable on default. While a waiver, without consideration, of the statutory requirements concerning the manner of resale of a repossessed chattel may be ineffective, the agreed return of the car in this case for sale to the buyer's account was supported by a significant benefit to which the buyer was not otherwise entitled. We hold that such a new agreement on new consideration after default upon a conditional sale contract is enforcible. Seeley v. Prentiss Tool & Supply Co., 1913, 158 App. Div. 853, 144 N.Y. Supp. 48, aff'd. 216 N.Y. 687, 110 N.E. 1049; cf. Adler v. Weis & Fisher Co., 1916, 218 N.Y. 295, 112 N.E. 1049. As a substitute for the contract of conditional sale, the new bargain can lawfully provide for a return and disposition of the chattel in a manner different from that which the statute required while the contract of conditional sale remained in effect. Cf. McDougall v. Shoemaker, 1923, 236 N.Y. 127, 140 N.E. 218.

The judgment will be affirmed.