E. W. Shirk *vs.* John H. Hoffman *et al.*

Submitted on briefs May 1, 1894. Reversed May 8, 1894.

No. 8656.

**Notice to end a tenancy from month to month.**

When a tenant of real estate rented to him for one month holds over, and pays rent after the expiration of that month, without any new agreement, he becomes a tenant from month to month, and he can terminate the tenancy only by giving the notice required by 1878, G. S. ch. 75, § 40.

Appeal by plaintiff, E. W. Shirk, from a judgment of the Municipal Court of the City of St. Paul, *H. W. Cory,* J., entered November 20, 1893.

Plaintiff owns No. 473 Rosabel Street in St. Paul and on December 1, 1890, leased it to defendants, John H. Hoffman and Frank Hoffman, for one month from that date at the monthly rental of $12 payable in advance. They entered and continued in possession and paid the rent monthly to February 1, 1892, and then without giving any notice vacated the premises and refused to pay rent thereafter. Plaintiff brought this action to recover ten months rent to December 1, 1892. On the trial before the court without a jury these facts appeared and the court made findings and ordered judgment for plaintiff for two months rent $24 and costs. It was entered and plaintiff appeals claiming that on the facts found he is entitled to judgment for $120 with interest and costs.

*Warner, Richardson & Lawrence,* for appellant, cited *Finch* v. *Moore,* 50 Minn. 116; *Grace* v. *Michaud,* 50 Minn. 139.

*C. D. & Thos. D. O'Brien,* for respondent, cited *Smith* v. *Bell,* 44 Minn. 524; *Gardner* v. *Commissioners of Dakota Co.,* 21 Minn. 33.

GILFILLAN, C. J. At the common law, when a tenant for a fixed term, as for a year, held over after the expiration of his term, paying rent, he was strictly a tenant at will, but as tenancies at will, from their uncertain nature, were not favored, there gradually grew up the requirement that, to terminate the tenancy, notice must be

given of an intention to terminate at the end of the current period. So that, where the original term was one year, the tenancy, upon the holding over and payment and receipt of rent, became in effect one, not at will strictly, nor for a fixed term, but from year to year. So where the original term was for a stated less period than a year, as for one month, the tenancy became, upon holding over and payment of rent, a tenancy from month to month, with the right of reasonable notice of intention to terminate. The statute (1878, G. S. ch. 75, § 40) fixes what in such cases shall be reasonable notice. Neither party can, without the consent of the other, terminate the tenancy except by such notice. *Eastman* v. *Vetter, ante,* p. 164, (58 N. W. 989.) Judgment reversed, and the court below will enter judgment on the findings of fact in favor of the plaintiff for the amount claimed in the complaint.

Judgment reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 990.)