### J. W. CUSHMAN & CO. v. O'HARA.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

LANDLORD AND TENANT (§ 86*)—LEASE—CONSTRUCTION.

> Where a lease provided that from the date of the expiration it should be considered renewed on the same terms and conditions by both parties from year to year unless cancellation or modification was made in writing by either party three months prior to May 1, 1913, it meant that the lease should be automatically renewed as on May 1, 1913, unless notice of cancellation, to take effect May 1, 1913, was given by either party prior to February 1, 1913.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 270–275; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by J. W. Cushman & Co. against Frank O'Hara. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Joseph Day Lee, of New York City, for appellant.
John T. Fenlon, of New York City (John V. Judge, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought for four months' rent succeeding May 1, 1913. There was put in evidence the lease between plaintiff and defendant covering the period from June, 1912, to May 1, 1913, which contained the following clause:

"Eighth. This lease, from the date of expiration shall be considered renewed on the same terms and conditions by both parties, from year to year, unless cancellation or modification is made in writing by either party, three months prior to May first, 1913."

I do not find the clause ambiguous. It seems to me quite sufficiently clear that it means that the lease should be automatically renewed as of

May 1, 1913, unless notice of cancellation or modification, to take effect May 1, 1913, was given by either party to the other prior to February 1, 1913. The learned court below was apparently of the opinion that the clause was capable of two constructions, and proceeded to take testimony thereon. In this I think he was in error.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.