SIMON GINSBERG REALTY Co., INC., Landlord, Appellant, *v.* LOUIS GREENSTEIN, Tenant, Respondent.*

Supreme Court, Appellate Term, First Department, January 30, 1936.

---

* Affg. 157 Misc. 148.

*Samuel Zinman* [*Samuel Feldstein* of counsel], for the appellant.

*William Solomon* and *Daniel Levy* [*Daniel Levy* of counsel], for the respondent.

LEVY, J. In this summary proceeding for holding over the term the tenant invoked as a defense the provisions of a so-called automatic renewal clause that the " letting and hiring shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, at the same rental without any deduction or concession, and upon all the above terms, conditions and covenants, unless either party on or before the first day of May next preceding the termination of any term granted hereby, shall give notice to the other of an intention to surrender or have possession of the premises, as the case may be. Notice by the landlord to the tenant must be given by sending the same by U. S. Registered Mail. Notice by the tenant to the landlord must be given by sending the same by U. S. Registered Mail. This clause shall be and continue operative likewise with respect to any renewals or extensions hereof."

Section 230 of the Real Property Law, as added by chapter 576 of Laws of 1934, reads: " Certain provisions of leases to be inoperative in certain cities unless express notice thereof is given to tenant. No provision of a lease of any real property or premises located in any city of one million inhabitants, or over which states that the term thereof shall be deemed renewed for a specified additional period of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered mail, calling the attention of the tenant to the existence of such provision in the lease."

The landlord did not give the notice prescribed by the act, nor was notice given as provided in the lease either of intention to surrender or to have possession at the end of the term, and the landlord claims that the clause for renewal was accordingly eliminated from the lease and that the tenant is holding over the term.

Doubtless the statute was enacted for the benefit of unwary tenants against the practice of landlords to include automatic renewals in leases, and a reading of the act is convincing that the Legislature has given a complete remedy in providing that unless the tenant's attention is called to the particular clause at least fifteen days and not more than thirty days before the date specified for the furnishing of prior notice under the clause the tenant may be wholly freed from the obligation.

The trial judge held that under the statute, where the landlord fails or neglects to give the prescribed fifteen- to thirty-day notice, the tenant may nevertheless avail himself of the renewal clause.

In the face of the clear and unmistakable language of the act that the clause shall be inoperative for lack of preliminary notice, we cannot agree with such construction. However, as the statute was enacted solely for the benefit of the tenant, we see no reason why he cannot waive its benefits, just as a monthly tenant or tenant from month to month in the city of New York may waive the thirty-day statutory notice as a preliminary to the maintenance of summary proceedings for holding over the term. (*A. N. P. Realty Co., Inc.*, v. *Tunick*, 115 Misc. 190.)

In a letter dated fifteen days after the date fixed in the lease for the giving of the contractual notice, if any, the landlord inquired of the tenant whether he wished to renew the lease, and the tenant testified that a few days after the receipt of that letter he told the landlord's officer he intended to stay, that he had another year there and he would stay there. This evidence, which was uncontradicted, showed a waiver of the statutory notice. Here we have the equivalent of an express waiver.

It may be added that in the landlord's letter the petitioner asked the tenant if he intended to renew under the lease, and expressed the desire to be favored with his continued tenancy, and the tenant said that he would stay there another year. We have thus an offer to renew under the clause, and acceptance thereof, and the attempt of the landlord after acceptance to impose conditions was ineffective.

Final order affirmed, with twenty-five dollars costs.

HAMMER and CALLAHAN, JJ., concur.