GENEVE COURTS, INC., Landlord, Plaintiff, *v.* CHARLES S. POMER-
ANZ, Tenant, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, June 20, 1936.

*Louis Susman,* for the landlord.

*Pomeranz & Muhlstock* [*Morris A. Pomeranz* of counsel], for the tenant.

SULLIVAN (DANIEL V.), J.   This is a hold-over proceeding.   Trial by jury has been waived.   The facts are stipulated as follows:

On September 1, 1931, the landlord's predecessor in title and the tenant entered into a lease of a dwelling for a term of two years.   By its provisions the lease was renewed for a further term of two years to end on September 30, 1935.   The lease contains the usual automatic renewal clause providing that the letting shall be extended and renewed by and against the parties for a further term of two years unless either party on or before the first day of June next preceding the termination of any term granted thereby shall give

written notice to the other of an intention to surrender or have possession of the premises on the first day of October. No notice was given by either party. The tenant is still in possession. No rent has been paid since October 1, 1935. The landlord has refused to accept the amount specified in the lease which the tenant desires to pay.

In November, 1935, the landlord instituted a summary proceeding for possession of the premises and for a personal judgment against the tenant for two months' rent for the period of October 1 to November 30, 1935. The petition alleged that the parties had entered into an agreement for an amount in excess of the rent stipulated in the lease. The tenant interposed a general denial and a separate defense of his rights under the lease. The same defense is one of those pleaded in this hold-over proceeding. The jury in the trial of the summary proceeding returned a verdict for the tenant. The judgment entered thereon contains the recital that the petition and precept were dismissed upon the merits on the ground that the landlord failed to give the notice required by the lease. The minutes of that trial have not been submitted. The charge of the court has been procured. In it the learned trial justice said to the jury: " If your verdict is for the landlord, the tenant must pay the increased rent. If your verdict is for the tenant, the tenant stays in under his own lease. It all depends upon whether he was served with that notice. The law makes you the sole judges of the facts in this case. Whatever you find the fact to be that is the law in this case."

At the conclusion of the charge the landlord's counsel noted the following exception: " To protect the record I except to your Honor's statement that if the jury find in favor of the tenant it means whatever your Honor said it means."

The judgment in that proceeding appears to be final. No appeal therefrom has been taken.

In December, 1935 a hold-over proceeding was commenced. It appears that during the trial the landlord discontinued that proceeding. Three months thereafter the instant proceeding was started.

The tenant denies he is a hold-over. He asserts his right to a renewal under the lease and pleads, in addition, separate defenses of waiver, estoppel and *res adjudicata.*

The Appellate Term, First Department, has recognized as enforcible an automatic renewal provision such as the one incorporated in this lease. (*Cushman & Co.* v. *O'Hara,* 145 N. Y. Supp. 1004.)

Both the landlord and the tenant agree that section 230 of the Real Property Law applies to the facts in this proceeding, but they disagree in its application. The landlord contends that the failure

to give the notice required by that section renders the renewal clause inoperative for all purposes as to both of them. The tenant maintains that such failure results in an automatic extension of the term. Twice during the month of August, 1935, the tenant, by letters to the landlord, definitely indicated an intention of continuing in possession. He may waive the provisions of the statute. (*Ginsberg Realty Co., Inc.*, v. *Greenstein*, 158 Misc. 473.) I hold there has been a waiver by the tenant.

Considering all that has transpired, as set forth above, the landlord may not treat the tenant as a trespasser, and under the authority of the *Ginsberg Case* (*supra*) and the decision of the court below (157 Misc. 148) the tenant seems to be entitled to remain in possession in accordance with the lease until September 30, 1937.

Final order in favor of the tenant upon the merits.