J. H. HOLDING Co., INC., Appellant, *v*. M. JOSEPHINE WOOTEN, Respondent.

Argued October 7, 1943; decided December 8, 1943.

*Clarence Horwitz* for appellant. The automatic renewal clause in the lease was rendered inoperative by the landlord's failure to give the notice provided for in section 230 of the Real Property Law. (*138 — 19th Street, Jackson Heights, Inc.,* v. *Canaday,* 265 App. Div. 5; *Ginsberg Realty Co.* v. *Greenstein,* 158 Misc. 473; *Johnson* v. *Bjerregaard,* 158 Misc. 436; *Doublel Bldg. Co.* v. *Littell,* 23 N. Y. S. 2d 728.) A tenant may not for her own benefit waive the notice provided for in section 230 of the Real Property Law. (*Alsens A. P. C. Works* v. *Degnon Contr. Co.,* 222 N. Y. 34; *Johnson* v. *Bjerregaard,* 158 Misc. 436.) This tenant did not waive the notice provided for in section 230 of the Real Property Law. (*Alsens A. P. C. Works* v. *Degnon Contr. Co.,* 222 N. Y. 34; *Doublel Bldg. Co.* v. *Littell,* 23 N. Y. S. 2d 728.

*John H. Griggs, Jr.,* for respondent. Section 230 of the Real Property Law having been enacted solely for the benefit of tenants, a tenant can waive its benefits. (*Boyd H. Wood Co.* v. *Horgan,* 178 Misc. 385, 265 App. Div. 975; *Ginsberg Realty Co.* v. *Greenstein,* 158 Misc. 473.) In the instant case there was a waiver of the provisions of section 230 by the tenant and the automatic renewal clause was of course operative. (*Geneve Courts, Inc.,* v. *Pomeranz,* 159 Misc. 814.)

THACHER, J. This appeal, in a summary proceeding under article 83 of the Civil Practice Act, to recover possession of an apartment upon the alleged expiration of a lease, is from an order of the Appellate Division affirming a decision of the Appellate Term which reversed a final order of the Municipal Court dispossessing the tenant and granted a final order in the tenant's favor.

We are concerned with the legal effect of section 230 of the Real Property Law upon automatic renewal clauses which require tenants to give notice of an intention to surrender the leased premises or be liable under the lease for another term.

The automatic renewal clause contained in the lease here in question reads as follows: " 12. That this letting and hiring shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, at the same rate of rental without any deduction or concession, and upon all the above terms, conditions and covenants, unless either party on or before the first day of .......... next preceding the termination of any term granted hereby, shall give notice to the other of an intention to surrender or have possession of the premises, as the case may be. Notice by the Landlord to the Tenant must be given by sending the same by U. S. Registered Mail. Notice by the Tenant to the Landlord must be given by sending the same by U. S. Registered Mail. This clause shall be and continue operative likewise with respect to any renewals or extensions hereof."

Section 230 of the Real Property Law provides: " No provision of a lease of any real property or premises which states that the term thereof shall be deemed renewed for a specified additional period of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered mail, calling the attention of the tenant to the existence of such provision in the lease."

In *Boyd H. Wood Co.* v. *Horgan,* 291 N. Y. 422, decided today, we hold that the protective provisions of this section of the Real Property Law may not be nullified in advance by an express waiver incorporated in a lease, since the purpose of the statute was to protect the tenant against the consequences of failure to give notice of his intention to surrender under such clauses unless the landlord has given the notice required by the statute.

In this case, the landlord, desiring to terminate the lease, refrained from giving notice under the statute but neglected to give the notice necessary for termination under the renewal clause. The tenant, desiring to continue in possession for another term, gave no notice under the renewal clause, and in the dispossess proceedings contended that she is entitled to possession.

The Appellate Term sustained the tenant's contention but put its decision upon the tenant's so-called waiver of the statutory notice by remaining in possession for the extended term as provided in the lease, citing *Ginsberg Realty Co.* v. *Greenstein* (158 Misc. 473). This decision was obviously correct, not because of any waiver but because section 230 of the Real Property Law was enacted solely for the protection of the tenant and only affects the lease insofar as it provides for automatic renewal " unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term ". Only this provision is affected by the statute, the purpose of the statutory notice being simply to warn the tenant that if notice of intention " to surrender " is not given the term will be renewed. By refraining from giving the statutory notice the landlord was not excused from complying with the provision of the lease that, unless it gave notice of intention to " have possession ", the tenant would be entitled to remain in possession for another term, as expressly provided in the renewal clause.

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.