Boyd H. Wood Company, Respondent, *v.* Raymond Horgan, Appellant.

Argued October 18, 1943; decided December 8, 1943.

*Saul L. Harris, Raymond Zeitz* and *William Springer* for appellant. Paragraph 18 of the lease providing for the waiver of section 230 of the Real Property Law is void as against public policy. (*Ginsberg Realty Co.* v. *Greenstein,* 158 Misc. 473; *People* v. *Hawkins,* 157 N. Y. 1; *Mertz* v. *Mertz,* 271 N. Y. 466; *Straus & Co.* v. *Canadian Pacific R. Co.,* 254 N. Y. 407; *Kneettle* v. *Newcomb,* 22 N. Y. 249; *Crowe* v. *Liquid Carbonic Co.,* 208 N. Y. 396; *3175 Holding Corp.* v. *Schmidt,* 150 Misc. 853; *Matter of Brooklyn Loan Corp.* v. *Gross,* 259 App. Div. 165.)

*Matthew W. Wood* for respondent. The lessee could and did legally waive the provisions requiring the giving of notice to him of the existence of the renewal clause. He is estopped by his writing and by his conduct and is not entitled to the protection of the doctrine of public policy. (*Baltimore & Ohio S. W. Ry. Co.* v. *Voigt,* 176 U. S. 498; *Waddey* v. *Waddey,* 290 N. Y. 251; *State of Arkansas* v. *Kansas & Tenn. Coal Co.,* 96 F. 353; *Kirshenbaum* v. *General Outdoor Adv. Co.,* 258 N. Y. 489; *Metropolitan Sav. Bank* v. *Tuttle,* 290 N. Y. 497; *Ginsberg Realty Co.* v. *Greenstein,* 158 Misc. 473; *Geneve Courts Inc.* v. *Pomeranz,* 159 Misc. 814; *Goelet Realty Co.* v. *Robin Redbreast Hosiery Co.,* 14 N. Y. S. 68; *Waterside Holding Corp.* v. *Lask,* 233 App. Div. 456; *Cowenhoven* v. *Ball,* 118 N. Y. 231; *Levy* v. *Delaware, L. & W. R. R. Co.,* 211 App. Div. 503; *Draper* v. *Oswego Co. Fire Relief Assn.,* 190 N. Y. 12.)

LEWIS, J. The provisions of section 230 of the Real Property Law (L. 1934, ch. 576) were designed to afford to tenants a measure of protection against automatic renewal clauses in leases of real property. Our problem is to determine whether a clause in a written lease, by which a tenant waives in advance the benefits of that statute, is void as opposed to the public policy of this State.

That question arises in an action for rent brought by the respondent, a landlord, against the appellant, a tenant, who leased an apartment for a term of one year commencing

October 1, 1937. The tenant remained in possession until September 30, 1941, under a written lease which contained the following renewal clause: " 12. That this letting and hiring shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, at the same rate of rental without any deduction or concession, and upon all the above terms, conditions and covenants, unless either party on or before the first day of August next preceding the termination of any term granted hereby, shall give notice to the other of an intention to surrender or have possession of the premises, as the case may be. Notice by the landlord to the Tenant must be given by sending the same by U. S. Registered mail. Notice by the Tenant to the landlord must be given by sending the same by U. S. Registered mail. This clause shall be and continue operative · likewise with respect to any renewals or extensions hereof.''

When possession was relinquished by the tenant on September 30, 1941, he had failed within the period prescribed in the lease (automatic renewal clause, par. 12, quoted above) to give notice to the landlord of his intention to surrender the premises. Meantime, however, the landlord had failed on his part to give to the tenant written notice of the existence in the lease of the automatic renewal clause, as required by section 230 of the Real Property Law. (L. 1934, ch. 576 as amd. by L. 1936, ch. 702.) That section provides: " § 230. *Certain provisions of leases to be inoperative unless express notice thereof is given to tenant.* No provision of a lease of any real property or premises which states that the term thereof shall be deemed renewed for a specified additional period of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered mail, calling the attention of the tenant to the existence of such provision in the lease.''

Despite his failure to give the written notice required by the above statute, the landlord took the position that, in accord

with the automatic renewal clause contained in paragraph 12 the lease had been renewed for a period of one year. When the apartment stood vacant for the month of October, 1941, the landlord instituted the present action to recover the rent reserved for that month.

The question of law for our decision arises upon the contention by the landlord that the tenant may not invoke the protective provisions of section 230 of the Real Property Law because there is in the written lease executed by the tenant a clause which provides — " the provisions of Chapter 576 of the Laws of 1934 are hereby waived." The statute cited in the clause — now relied upon by the landlord — became section 230 of the Real Property Law.

The tenant admits that there is in the lease a waiver clause such as that now invoked by the landlord. He contends, however, that such a clause, which assumes to waive the provisions of section 230, is contrary to public policy and that, accordingly, it is not legally effective to relieve the landlord of the statutory requirement of a written notice which brings to the tenant's attention the existence in the lease of the automatic renewal clause.

The issue of law thus tendered is not between parties to a contract, who, after default, enter into a new agreement upon a new consideration and attempt thereby in good faith to settle differences between them. (See *Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295, 299, 300.) In such a case the reasonable probabilities are that as to bargaining power the contracting parties deal on equal terms. Here we are to determine the legal consequences of a clause — " The provisions of Chapter 576 of the Laws of 1934 are hereby waived " — inserted as the eighteenth paragraph of a lease which was to govern the conditions of a tenancy to begin in the future. Manifestly the brief waiver clause — quite incomprehensible to the unwary prospective tenant — would, if valid, deprive the tenant of important statutory rights designed to protect him against his express covenant for the automatic renewal of his lease. This simple expedient, by which a tenant agrees in advance to waive the benefits of the statute, would nullify the only purpose of the act, which is to render such covenants unenforcible unless the statutory notice is given. We may not give judicial sanction to means designed to evade the legislative will.

Long ago this court held that a prospective waiver of a benefit under the exemption law, by a clause embodied in the original contract between the parties, was void as against public policy. (*Kneettle* v. *Newcomb*, 22 N. Y. 249.) In that case it was said per DENIO, J. (pp. 250, 251) : " I am of the opinion that a person contracting a debt cannot agree with the creditor that, in case of non-payment, he shall be entitled to levy his execution upon property exempt from levy by the general laws of the state. * * * A few words contained in any note or obligation would operate to change the law between those parties, and so far disappoint the intentions of the legislature. If effect shall be given to such provisions, it is likely that they will be generally inserted in obligations for small demands, and in that way the policy of the law will be completely overthrown. * * * In these cases, the law seeks to mitigate the consequence of men's thoughtlessness and improvidence; and it does not, I think, allow its policy to be evaded by any language which may be inserted in the contract."

Later, in *Shapley* v. *Abbott* (42 N. Y. 443, 452) it was stated by Chief Judge EARL, writing for the court " * * * no case has occurred to me in which a party can, in advance, make a valid promise that a statute founded in public policy shall be inoperative."

Believing as we do, that the enactment of section 230 of the Real Property Law was prompted by considerations of public policy, it is not within the function of the judicial process to weaken the protective measure which the Legislature chose to adopt.

In reaching this conclusion we have been influenced by the rule in *Crowe* v. *Liquid Carbonic Co.* (208 N. Y. 396). There, as in the present case, the question for decision was whether a clause in a contract was legally effective which expressly waived in advance certain protective rights granted by statute. There, as here, the enactment involved contained no express prohibition against the waiver of the statute's benefits. There it was ruled (p. 402) that the express waiver written into the contract was ineffectual " because inconsistent with the public policy which the legislative act manifested." (See, also, *Roach* v. *Curtis*, 191 N. Y. 387, 391.)

The orders should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.