ETHEL WINIK, Landlord, *v.* ESTHER KLIENFELD, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, March 17, 1949.

*George Salvatore* for landlord.

*Lawrence Braunstein* for tenant.

LORETO, J. The landlord moves to strike this proceeding from the jury calendar by reason of a jury waiver clause contained in an expired lease.

The tenant continued in possession after the expiration of the term of the original lease, on August 31, 1941, and has continued in possession to the present date. The lease contains an automatic renewal clause, the landlord having failed to give the written notice mentioned in section 230 of the Real Property Law. This statute provides: "No provision of a lease of any real property or premises which states that the term thereof shall be deemed renewed for a specified additional period of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered mail, calling the attention of the tenant to the existence of such provision in the lease."

The tenant contends that, in view of the landlord's failure to serve the notice required by the statute, there was no renewal of the lease on its termination, the tenant continuing in occupancy as a month-to-month tenant until March 1, 1943, when, because of the emergency rent law, he became a statutory tenant. The tenant, therefore, contends that he is no longer bound by the terms of the expired lease.

Although this appears to be a plausible argument, the court does not agree with it. True, the statute mentioned was enacted solely to protect the tenant (*J. H. Holding Co.* v. *Wooten,* 291 N. Y. 427). And it was intended to safeguard the tenant against an entrapment into an undesired, and perhaps onerous,

lease automatically renewed because of the existence of this provision in the lease, of which he may never have known or may have forgotten. Since this law was passed in the interest of public policy, it has been held that its protective provisions may not be nullified in advance by an express waiver incorporated in the lease (*Wood Co.* v. *Horgan,* 291 N. Y. 422).

However, it must be noted that the full protection of this statute " only affects the lease insofar as it provides for automatic renewal " (*J. H. Holding Co.* v. *Wooten, supra,* p. 430). It safeguards the tenant against a renewal of lease resulting from the written contract of the parties.

A renewal of lease, implied in law, resulting from the tenant's holding over after the expiration of the lease term, is another matter. That is the type of renewal with which the landlord charges the tenant here. Such a renewal of lease, implied in law, for the further term of one year, this statute was not intended to abolish (*Johnson* v. *Bjerregaard,* 158 Misc. 436).

In the leading case of *Schuyler* v. *Smith* (51 N. Y. 309, 313) the court by EARL, C., stated: " The law is too well settled to be disputed that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease." That case further holds that the law gives the option to the landlord to determine whether to treat the occupant as a trespasser or holdover and that in the absence of the landlord's consent to new terms, the tenant is bound by the terms of the prior lease.

Here, the court finds that the landlord did not consent to new terms; that the tenant continued in occupancy as a holdover tenant, under a renewal of lease implied by the law for one year, and then again for another year, to March 1, 1943, when the emergency rent law became operative and when the tenant thereby became a statutory tenant (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267).

During the statutory tenancy, the terms of the lease, thus renewed, except as to rent and duration, apply. The jury waiver clause contained in the lease remains effective (*Jamaica Investors* v. *Blacharsh,* 193 Misc. 949).

The landlord's motion to strike the tenant's demand for a jury trial because of such waiver, therefore, is granted. The clerk is directed to place this proceeding on the calendar for March 25, 1949, for trial without a jury.