MacArthur Concrete Pile Corporation, Plaintiff, *v.* Kew Queens Corporation et al., Defendants.

Supreme Court, Special Term, Kings County, September 26, 1949.

*Hays, Wolf, Schwabacher, Sklar & Epstein* for Kew Queens Corporation, defendant.

*Dannenberg, Hazen & Lake* for plaintiff.

*Ben Charles Asher* for Eljay Contracting Corporation, defendant.

Di Giovanna, J. Plaintiff's action is to foreclose a mechanic's lien for work, labor and material furnished to the defendant Kew Queens Corporation. Eljay Contracting Corporation is also made a party defendant. In its answer Eljay Contracting Corporation alleges by way of counterclaim and cross action against Kew Queens Corporation a cause of action for foreclosure of the mechanic's lien for work, labor and materials furnished to Kew Queens Corporation pursuant to two written contracts. Defendant Kew Queens Corporation moves to dismiss the cross complaint of Eljay Contracting Corporation on the ground that Eljay has waived its lien by reason of an express waiver of lien contained in the two contracts. The contracts in question are partially printed and partially typewritten. Paragraph 6, which is printed, provides: " 6. The contractor hereby

waives his lien for work, labor and services and materials furnished."

The question for determination is whether a clause in a written contract by which a contractor waives in advance the benefits of the Lien Law is void as opposed to public policy. Section 34 of the Lien Law, which became effective October 1, 1929, provides: " A contractor, subcontractor, material man or laborer may not waive his lien, except by an express agreement in writing specifically to that effect, signed by him or his agent." The evident purpose of the Legislature in enacting section 34 of the Lien Law was to prevent the very thing that the hirer sought to accomplish in this case. An analogous situation was presented in *Wood Co.* v. *Horgan* (291 N. Y. 422), decided after the adoption of section 230 of the Real Property Law. It was there held that a waiver of section 230 of the Real Property Law written into a lease was ineffectual.

The waiver contained in paragraphs 6 of the contracts in this case was ineffectual and the motion to dismiss the cross complaint is accordingly denied.

The motion of Kew Queens Corporation to examine Eljay Contracting Corporation by its secretary is denied. The proper method of limiting the issues with respect to the cross complaint of Eljay is by demand for a bill of particulars.

The motion of Eljay Contracting Corporation to examine before trial Kew Queens Corporation by its president is granted as to items 1 to 10, inclusive, and denied as to item 11.