Arthur Wachtel, J.
This is a holdover proceeding. The landlords claim that the lease under which the tenant originally occupied the premises terminated on January 31,1962, and that thereafter he occupied as a month to month tenant. The landlords rely upon a 30-day notice to vacate on July 31,1962, which states:
“ You are hereby notified that the Landlord elects to terminate your tenancy of the premises above described now held by you under monthly hiring; and that unless you remove from the said premises on the 31st day of July, 1962, the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term.
“ Please take notice, that you are hereby notified that in the event that you fail to remove from the said premises on the 31st day of July 1962, the day on which your term expires; that commencing from the first day of August 1962, your rent will be the sum of $300 per month, due and payable on the first day of each month in advance, on the tenancy from month to month.”
The landlords purchased the premises on June 6, 1962. The lease with the landlords’ predecessor in title, Barbara Thomas, contained an option for an additional three years, which was exercised by the tenant, and the lease was accordingly renewed until January 31, 1962. The question at issue is whether the lease was renewed for one year, namely to January 31, 1963, by virtue of paragraph Ninth of the lease, or whether the tenancy was from month to month, as the landlords contend.
Paragraph Ninth of the lease provides: ‘ ‘ This lease shall be deemed renewed for a further period of one year from the date of its expiration, and each succeeding year thereafter at the same rental, unless at least three months prior to the date of expiration thereof notice in writing is sent by the Tenant to the Landlord by registered mail of Tenant’s desire to surrender possession of the premises on the date of such expiration of the within lease, or unless the Landlord notifies the Tenant at least one month prior to the date of expiration that the Landlord does not desire to renew the within lease.”
The landlords’ predecessor in title did not give to the tenant the notice required by section 230 of the Real Property Law, calling the tenant’s attention to the existence of the clause providing for automatic renewal in the event the tenant fails to *194 notify the landlord of his desire to surrender possession at the expiration of the lease.
The failure of the landlords’ predecessor in title to give to the tenant the notice required by section 230 of the Real Property Law nullified that portion of paragraph Ninth of the lease, which provided for automatic renewal for a period of one year unless the tenant notified the landlords of his desire to surrender possession.
Paragraph Ninth also provided for automatic renewal in the event that the landlord did not notify the tenant that she did not desire to renew the lease. The landlord refrained from serving this notice.
Where the automatic renewal clause had the additional provision that the landlord notify the tenant of its ‘ ‘ intention to have possession”, the landlord’s failure to serve either the notice required by section 230 of the Real Property Law or the notice of his intention to have possession, then the tenant was entitled to remain in possession for another term, as provided in the renewal clause. (J. H. Holding Co. v. Wooten, 291 N. Y. 427.)
As the Court of Appeals pointed out, only the provision of the renewal clause, effectuating automatic renewal if the tenant did not give notice of his intention to quit, was affected by section 230. ‘ ‘ By refraining from giving the statutory notice the landlord was not excused from complying with the provision of the lease that, unless it gave notice of intention to ‘ have possession ’, the tenant would be entitled to remain in possession for another term, as expressly provided in the renewal clause.” (J. H. Holding Co. v. Wooten, supra, p. 430.)
So, in the case at bar, the landlord refrained from giving the notice required by the automatic renewal clause, that she did not “ desire to renew ”.
Rasch in “ The New York Law of Landlord and Tenant and Summary Proceedings ” (vol. 1, § 224, pp. 211, 212) summarizes the rights of the parties in these cases as follows:
‘ ‘ Accordingly, the operation of an automatic renewal clause may be defeated either by a notice from the landlord that he desires to have possession of the premises, or by a notice from the tenant that he desires to surrender possession. The only effect of the statute is that if a landlord wishes to renew the lease, he must first give the statutory warning to the tenant of the existence of the clause. Then, if the tenant fails to give the landlord notice of his intention to surrender the premises, the lease will automatically renew itself.
*195 ‘ ‘ However, if the landlord does not serve the statutory warning, and also fails to serve the tenant with a notice that the landlord desires possession, then the tenant has the sole option of deciding whether or not to renew the lease. In such case if the tenant wishes to renew, he need do nothing but continue in possession. If he wishes not to renew, all he need do is serve notice of his intention to surrender. The landlord, by failing to serve both the statutory warning and the notice of termination, places himself in the position of abiding by the tenant’s choice of what he wishes to do.”
Paragraph Nineteenth of the lease provides that in the event the tenant remains in possession after the termination date of the lease the landlord, at her option, may treat him as a holdover for another year or as a trespasser. The landlord did not treat the tenant as a trespasser. The present landlords assert that after expiration of the lease, the parties entered into a new oral agreement of monthly tenancy. They have failed to sustain their burden of proof as to any such agreement.
Wherefore, the petition is dismissed on the merits and final order is directed in favor of the tenant.