Allen Murray Myers, J.
The landlord petitioner has brought this summary proceeding to recover possession of residential noncontrolled premises from the tenant respondent by reason of the alleged nonpayment of the rent for the month of July, 1968. At issue is the amount of the July rent. Dispositive of this issue is the determination of the legal effect of paragraph 14 of a written lease entered into between the parties on June 29, 1966 for a term of two years from July 1, 1966 to June 30, 1968 at a rental of $257 per month. Paragraph 14 provides as follows: “ If the tenant continues in possession after the expiration of the term granted herein, then this lease is hereby renewed for a further period of one year and the rent during said period shall be increased $420.00 per year payable by the increase of each monthly payment in the sum of $35.00, unless the parties enter into a new written agreement. ’ ’
The ¡clause is crystal .clear and unambiguous. It is an option to renew for one year at an increased rental of $35 per month which the tenant can exercise merely by continuing in possession. Since the tenant exercised his option by continuing in possession *995 and refused to enter into a new agreement, the lease was extended for another year at a rental of $292 per month.
The landlord’s attempt to unilaterally increase the rent for the year following June 30, 1968 above the amount stipulated in paragraph 14 of the lease, by its written notice of April 30, 1968, was completely ineffectual.
Section 232-a of the Real Property Law does not authorize such a notice under the circumstances here appertaining. Nor does section 5-905 of the General Obligations Law (formerly Real Property Law, § 230) authorize the landlord to negate or withdraw the option to renew set forth in paragraph 14 of the lease. The purpose of section 5-905 of the General Obligations Law is merely to protect tenants from automatic renewal clauses which go into effect prior to the expiration of the term of a lease unless the tenant shall give notice to the landlord of his intention to quit the premises. For example, where a clause provides that a lease is automatically renewed for a further term, unless the tenant shall give notice of his intention to quit the premises at some time before the end of the term, section 5-905 of the General Obligations Law provides that the lease would not be so renewed (-tenant could vacate at the end of the term) even if the tenant failed to give the required notice, “ unless the lessor at least -fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice * * * calling the attention of the tenant to the existence of such provision in the lease.” ¡Section 5-905 of the General Obligations Law was enacted to prevent the dire consequences of an undesired renewal of a lease (even where the tenant vacated at the end of the term) where the tenant inadvertently failed to give the notice to quit at some fixed time prior to the end of the term. That section is not relevant to the clause at issue here.
Final judgment for tenant respondent dismissing the petition.