Anthony F. Zagame, J.
Determination of this action involves the interpretation of paragraph 33d of lease entered into between the parties. The lease was for a term of one year from February 1, 1966 and ending January 31, 1967. The lease contained renewal options interpretation of which is the issue involved in the present action. Paragraph 33d reads as follows: “ The Tenant is hereby given the option to renew said lease at the expiration of the first year for an additional term of one year ending January 31, 1968 at an annual rental of fifteen Hundred ($1,500.00) Dollars, payable monthly in installments of One Hundred Twenty-Five (125.00) per month in advance on the first day of February, 1967 and each and every month thereafter. The Tenant is hereby further granted an option to renew said lease at the annual rental of Fifteen Hundred (1,500.00) Dollars on each year after the second year. The Tenant shall be deemed to have exercised each of the options above set forth unless the Tenant shall have on at least 60 days written notice prior to the termination of the leasehold year by registered mail advised the landlord of his desire not to exercise said option. In the event that such notice is not sent the Tenant shall be deemed to have exercised his option for the succeeding leasehold option year only. In the event that the landlord sells the premises within a period of four (4) years from the date hereof, then and in that event, the Tenant has the right to renew such lease only for a continued period of three (3) years after said sale.”
‘1 If the Landlord sells the premises after four (4) years from the date hereof, then the Tenant shall only have the right to renew said lease for a period of two (2) years after such sale, and at the expiration of either the three (3) year of Two (2) year period, this lease shall be cancelled.”
It is agreed that the Tenant did not in writing (or otherwise) pursuant to paragraph 33d, advise the landlord of his desire not to exercise said option to renew lease or to remain in possession.
The landlord contends: 1. That the purpose of section 5-905 of the General Obligations Law (formerly Real Property Law,
§ 230) is merely to protect the tenant and that the automatic renewal clause is against public policy and 2. that same (automatic renewal clause) is inoperative; 3. and unenforceable. With this view the court cannot agree.
The court does not concur with petitioner landlord’s contention that the automatic renewal clause is against public policy. It is not the automatic renewal clause that is against public policy but waiver by a tenant of his rights under section 230 of *658 the Real Property Law (now General Obligations Law, § 5-905) which was enacted by the Legislature to give effect to the declared public policy of this State. It was enacted primarily for the protection and benefit of the tenant (Ginsberg Realty Co. v. Greenstein, 157 Misc. 148). The automatic renewal clause in leases was indubitably a trap for the unwary or forgetful tenant, and was deliberately inserted in the -lease by the landlord for that very purpose. (Ginsberg Realty Co. v. Greenstein, supra.) In Wood Co. v. Horgan (291 N. Y. 422) the Court of Appeals held, that the clause in the Avritten lease by which the tenant waives in advance the benefits of that statute (Real Property Law, § 230) is void as against public policy citing the case of Crowe v. Liquid Carbonic Co. (208 N. Y. 396).
Section 230 of the Real Property Law provided: “ No provision of a lease of any real property or premises which states that the term thereof shall be deemed renewed for a specified additional priod of time unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the tenant written notice, served personally or by registered mail, calling the attention of the tenant to the existence of such provision in the lease.” (L. 1936, ch. 702.)
The court does not concur with petitioner landlord’s contention that the automatic renewal clause is inoperative and unenforceable.
In J. H. Holding Co. v. Wooten (291 N. Y. 427, 428, 429) Thacher, J., speaking for the court, said: “We are concerned with the legal effect of section 230 of the Real Property Law upon the automatic renewal clauses which require tenants to give notice of an intention to surrender the leased premises or be liable under the lease for another term. * * * In this case, the landlord, desiring to terminate the lease, refrained from giving notice under the statute but neglected to give the notice necessary for termination under the renewal clause. The tenant, desiring to continue in possession for another term, gave no notice under the renewal clause, and in the dispossess proceedings contended that she is entitled to possession.” The court held (p. 430): “ Section 230 of the Real Property Law was enacted solely for the protection of the tenant and only affects the lease insofar as it provides for automatic renewal ‘ unless the tenant gives notice to the lessor of his intention to quit the premises at the expiration of such term ’ * * * By refraining from giving the statutory notice * * * the tenant would *659 be entitled to remain in possession for another term, as expressly provided in the renewal clause.” In the case at hand the landlord did not reserve any rights in the lease to recover possession of the premises. Only the tenant under the lease was given the right to terminate the lease after the expiration of any leasehold year term. Therefore under paragraph 33d of the lease the option to renew was solely in the discretion of the tenant and by remaining silent the tenant was entitled to remain in possession for another term, as expressly provided in the renewal clause (J. H. Holding Co. v. Wooten, supra).
The court, having found that the tenant is entitled to remain in possession for another term, obviates the need to consider the contention of the landlord that the lease entered into between the parties was for a period of one year and after the expiration of the term the tenant become a holdover, since the parties by their own action and behavior renewed the lease from year to year. Suffice to say that in this case where the landlord failed to give the statutory notice, the right of election rests only in the discretion of the tenant. A statutory month-to-month tenancy did not arise after holding over where the lease provided for automatic renewal unless tenant gave contrary notice. On the facts of this case, section 232-c of the Real Property Law has no application. (Matter of Robed Realty Corp. v. Grand Union Co., 14 A D 2d 818.) The renewal option in this case appears to be in the sole discretion of the tenant. The tenant gave no notice of its intention to surrender or to remain in pos^session of the premises. Therefore, if the tenant desired to continue in possession for another term and give no notice under the renewal clause, he would be entitled to remain in possession for another term. (J. H. Holding Co. v. Wooten, supra; Robed Realty Corp. v. Grand Union Co., supra.)
The automatic renewal clause in the lease requires the landlord to comply with section 5-905 of the General Obligations Law if he elected to hold the tenant for an additional term of one year; and affected both options to renew, which are set forth in the lease. Renewal or termination under this lease lies solely within the discretion of the tenant, and allows the tenant to vacate at the expiration of any leasehold year term or take advantage of section 232-c of the Real Property Law, even though required notice by the tenant has not been given. (Renoir House v. Solomon, 58 Misc 2d 994.) All other clauses and covenants in the lease remained effective. (Winik v. Klienfeld, 194 Misc. 513; J. H. Holding Co. v. Wooten, supra; Renoir House v. Solomon, supra.)
*660 The court’s determination is not affected by the language contained in paragraph 33d of the lease commencing with line 11 “In the event that such notice is not sent the Tenant shall be deemed to have exercised his option for the succeeding leasehold option year only This clause appears to be superfluous. (Ginsberg Realty Co. v. Greenstein, 157 Misc. 148, supra; J. H. Holding Co. v. Wooten, supra; 1 Rasch, Landlord and Tenant, p. 212.) Tenant is under no duty to serve upon the landlord any warning or notice of the existence of the automatic renewal clause. This onus is on the landlord alone.
We now come to the question of the number of renewal options envisioned by the following provision in paragraph 33d: £ £ The Tenant is hereby granted a further option to renew said lease at the annual rental of Fifteen Hundred ($1,500.00) Dollars on each year after the second year.” This option is subject to the automatic renewal clause of the lease. As already noted this option to renew as well as the automatic renewal clause runs in favor of the tenant only. The court will not" speculate upon what may have been the intention of the landlord in drafting the leasehold agreement or the intention of the parties upon the execution of the agreement. It must rely upon the meaning extracted from the language in the written provisions of the lease.
At the outset it may be stated that the court will not favor such a construction of the renewal covenant as will tend to the creation of a perpetuity. (Syms v. Mayor etc. of New York, 105 N. Y. 153.) “ Covenants by a landlord for continual renewals are not favored for they tend to create a perpetuity. When they are explicit the more established weight of authority is in favor of their validity. (Kent Comm, vol 4,109.) ” (Burns v. City of New York, 213 N. Y. 516, 520.)
In Hoff v. Royal Metal Furniture Co. (117 App. Div. 884, affd. 189 N. Y. 555) the lease was in writing for a term of one year. It all contained the following covenant: “Said party of the second part (the tenant) its successors or assigns, to have the privilege of renewing this lease from year to year, upon notice to that effect in writing. ’ ’ Thereafter the tenant (party of the second part) gave such renewal notice, until the landlord refused to recognize such renewal notice. The court held (p. 885): “ The covenant for renewal is in no way indefinite; its specific performance could be decreed.” (Tracy v. Albany Exch. Co., 7 N. Y. 472.) “ That the covenant is for perpetual yearly renewals does not make it void. Such covenants are lawful and in general use (Rutgers v. Hunter, 6 Johns Ch. 215, 219; * * * ).” The Court of Appeals in Burns v. *661 City of New York (supra, p. 524), cites Hoff v. Royal Metal Furniture Co. (supra) with approval as holding “ the covenant entitles the lessee to perpetual yearly renewals.”
The court is constrained to follow the authorities cited, in holding that the lease under consideration provides for perpetual yearly renewals (at the option of the tenant) though the tenant, in fact, does not press such a claim.
The court is not confronted with the quaere as to whether or not there was a mistake by the parties in their individual or joint conception of the leasehold agreement at the time of its execution, nor on the part of the attorney in reducing the agreement to writing. Issue on these, factors has not been raised nor has any proof been offered.
Motion to set aside judgment is denied.