*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1081**

MPLP White Bear Lake LLC,
Respondent,

vs.

Michael Harvey,
Appellant,

John Doe, et al.,
Defendants.

**Filed June 3, 2024
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-HG-CV-23-854

Aisosa Osaretin, Bridget Brine, Landlord Resource Network, Minneapolis, Minnesota (for respondent)

Michael Harvey, St. Paul, Minnesota (self-represented appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

A landlord successfully sued to evict residential tenant Michael Harvey from its White Bear Lake apartment building when Harvey continued to occupy the unit after his lease expired. Harvey asks us to reverse, arguing that the landlord did not give him proper

notice to vacate and that the district court misinterpreted the retaliatory-eviction statute. Because the landlord's notice to vacate was proper and Harvey suffered no prejudice from the district court's eviction-statute misinterpretation, we affirm.

**FACTS**

This dispute concerns appellant-tenant Michael Harvey's continued occupancy of a rented residential unit in an apartment building owned by respondent-landlord MPLP White Bear Lake LLC (Landlord). Landlord and Harvey entered into a one-year lease agreement from July 1, 2019, through June 2020. The lease included "vacate and renewal terms," stating, "Should [Harvey] wish to terminate the lease at the end of the term, written notice must be in [Landlord's] possession two months and one day before the end of the lease term."

Landlord attempted unsuccessfully to renew the lease with Harvey. Harvey continued to occupy the unit after the lease term ended. Landlord's manager emailed Harvey on December 30, 2022, expressing Landlord's decision not to renew the at-will tenancy and indicating that Harvey must vacate the unit by noon, February 28, 2023. Harvey did not vacate.

Landlord commenced this eviction action, alleging that Harvey was a holdover tenant. The district court conducted an evidentiary hearing and received testimony from witnesses, including Harvey. Harvey testified that he had previously requested a new refrigerator and argued that Landlord's eviction action was retaliatory. He also argued that Landlord's notice to vacate was untimely and improper. The district court rejected Harvey's arguments and ordered him to vacate. Harvey appeals.

2

**DECISION**

Harvey challenges the district court's judgment of eviction. We review the district court's findings of fact for clear error and its legal conclusions *de novo*. *Nationwide Hous. Corp. v. Skoglund*, 906 N.W.2d 900, 907 (Minn. App. 2018), *rev. denied* (Minn. Mar. 28, 2018). Harvey raises two issues, first contending that Landlord's notice to vacate was improper and next contending that the district court misinterpreted Minnesota's retaliatory-eviction statute. Neither contention prevails.

**I**

We are not persuaded by Harvey's argument that Landlord's notice to vacate was improper. A landlord may evict an at-will tenant who holds over after termination of a tenancy by notice to quit. Minn. Stat. § 504B.285, subd. 1(a)(3) (2022). Harvey unconvincingly argues that Landlord's notice was insufficient because the lease's terms provided only Harvey's required period to give notice and not Landlord's. That the lease did not state Landlord's required notice period is inconsequential because the legislature provided a two-month notice period in this case by operation of statute and the parties' lease. *See* Minn. Stat. §§ 504B.135(a) (providing that tenancies at will "may be terminated by either party by giving notice in writing" with a notice period "at least as long as the interval between the time rent is due or three months, whichever is less"), 504B.147, subd. 3 (providing that a landlord's period for providing notice to vacate may not be less than the period provided for the tenant under the lease) (2022). Harvey's lease term ended in June 2020 and, by continuing to pay rent and living in the apartment, his term became month-to-month and at will. *See* Minn. Stat. § 504B.141 (2022); *see also Mid Continent Mgmt.*

3

*Corp. v. Donnelly*, 372 N.W.2d 814, 816 (Minn. App. 1985), *rev. denied* (Minn. Oct. 24, 1985). Harvey's month-to-month tenancy renewed the terms of the expired lease. *Hildebrandt v. Newell*, 272 N.W. 257, 258 (Minn. 1937). Applying the statutory formula, Landlord's period to provide Harvey notice to vacate therefore was two months. This is because the original lease carried over into Harvey's tenancy at will, rent payments were due every month, and Landlord's time period may not be shorter than the notice period imposed on Harvey by the lease, which was two months.

We are likewise not persuaded by Harvey's argument that Landlord's notice to quit was not effective because it was sent by email. He bases this argument on the fact that Minnesota Rule of Civil Procedure 5.02(b) allows service by regular mail and that the lease did not say that a notice could be sent by electronic mail. Because rule 5.02 by its terms applies to circumstances that require service under the civil-procedure rules, it has no bearing on the method by which a landlord may provide notice to vacate. And although the lease was silent as to how the notice to quit must be sent, the district court properly relied on the parties' course of performance to determine whether email was the primary means of communication. *See J.J. Brooksbank Co., Inc. v. Budget Rent–A–Car Corp.*, 337 N.W.2d 372, 376 (Minn. 1983). The district court's conclusion that the parties' primary method of communication was email finds substantial support in the record. Landlord's community manager testified affirming that "communication with [Harvey has been] primarily through e-mail," and Harvey made his requests for and communicated with Landlord about a new refrigerator also by email. Harvey's notice-method argument fails.

## II

We see merit in Harvey's argument that the district court misinterpreted the retaliatory-eviction statute. The district court interpreted the statute as precluding Harvey from offering evidence older than 90 days to support his retaliatory-eviction defense. We review the district court's evidentiary rulings for an abuse of discretion. *Doe 136 v. Liebsch*, 872 N.W.2d 875, 879 (Minn. 2015). A district court abuses its discretion when it misapplies the law. *See Kroning v. State Farm Auto Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn. 1997). The retaliatory-eviction statute empowers a tenant to defeat an eviction action by proving that the landlord brought the action as a penalty for the tenant's attempt to enforce his rights. Minn. Stat. § 504B.285, subd. 2(1) (2022). The statute also provides that "the burden of proving the notice to quit was not served in whole or part for a retaliatory purpose shall rest with the [landlord]" if a notice to quit was served within 90 days of the tenant's act allegedly precipitating the landlord's retaliation. *Id.*, subd. 2(2). Harvey contends that the district court misinterpreted the 90-day burden-shifting portion of the statute as precluding him from introducing retaliatory-eviction evidence older than 90 days.

Harvey is correct that the district court appears to have misinterpreted the statute's burden-shifting provision as an age-of-the-evidence limit. The district court told Harvey, "[T]he retaliation defense available to you under the Minnesota Statute 504B is limited in time in how far you can go back. It certainly isn't three years, and it's not even two and a half years, it's not even one year." Contrary to the district court's apparent understanding, the burden-shifting statute includes no language that restricts alleged retaliation evidence based on the age of the evidence. It instead shifts the burden to the landlord when the act

5

underlying the retaliation defense took place within 90 days of the landlord's notice quit. But the district court's error does not lead us to reverse the eviction, because it did not prejudice Harvey's case. *See Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 98 (Minn. 1987). The record informs us that the district court did not apply its incorrect interpretation. It permitted Harvey to testify and introduce evidence to prove his allegation that Landlord sent its notice to vacate in response to his request for a new refrigerator in October 2022. And it denied Harvey's retaliation defense not because the refrigerator evidence was outdated but because Landlord had met its burden of proving that it did not bring the eviction action to retaliate. Because the district court's erroneous statutory interpretation did not affect the outcome, it affords no basis for us to reverse the eviction.

**Affirmed.**